[No. A040389. First Dist., Div. Five. Nov. 30, 1988.]

In re T.M., a Minor.
DEPARTMENT OF SOCIAL SERVICES, Petitioner and
Respondent, v.
V.M., Objector and Appellant.

## COUNSEL

Louise H. Renne, City Attorney, Kimberly A. Reiley and Julie Ten Eyck, Deputy City Attorneys, for Petitioner and Respondent.

Carol Roduit for Objector and Appellant.

## OPINION

**KING, J.**— ■ In this case we hold that any right to appeal from an order authorizing proceedings to terminate parental rights (Welf. & Inst. Code, § 366.25) has been retroactively terminated by the Legislature.

The San Francisco juvenile court adjudged V.M.'s daughter T.M. to be a dependent child of the court. (Welf. & Inst. Code, § 300.) After unsuccessful attempts at reunification the court rendered an order authorizing proceedings to terminate parental rights, with adoption as the permanent plan. V.M. filed a notice of appeal from the order.

The Courts of Appeal have disagreed as to whether such an order is appealable. Some courts have held the order appealable under Welfare and Institutions Code section 395, which states that a "subsequent order" after a declaration of dependency is appealable as an order after judgment (see Code Civ. Proc., § 904.1, subd. (b)). (*In re Linda P.* (1987) 195 Cal.App.3d 99, 104-106 [240 Cal.Rptr. 474]; *In re Sarah F.* (1987) 191 Cal.App.3d 398, 401-404 [236 Cal.Rptr. 480]; *In re Lorenzo T.* (1987) 190 Cal.App.3d 888, 891-892 [235 Cal.Rptr. 680]; *In re Joshua S.* (1986) 186 Cal.App.3d 147, 149-152 [230 Cal.Rptr. 437].) Other courts have held the order nonappealable because the parent is not yet "aggrieved" by a termination of parental rights. (*In re Debra M.* (1987) 189 Cal.App.3d 1032, 1036-1039 [234

Cal.Rptr. 739]; *In re Lisa M.* (1986) 177 Cal.App.3d 915, 919 [225 Cal.Rptr. 7]; *In re Candy S.* (1985) 176 Cal.App.3d 329, 331 [222 Cal.Rptr. 43].)

This issue is currently pending in the California Supreme Court in *In re Julia C.,* review granted February 25, 1988 (S003755) and other cases. It has been resolved, however, by recent legislation. Chapter 1075, Statutes of 1988, which was approved by the Governor on September 20, adds subdivision (j) to Welfare and Institutions Code section 366.25. The new subdivision states, "An order by the court that authorizes the filing of a petition to terminate parental rights pursuant to Section 232 or that authorizes the initiation of guardianship proceedings is not an appealable order but may be the subject of review by extraordinary writ."

The right to appeal is wholly statutory, and the Legislature can terminate a perfected appeal by retroactive legislation clearly indicating an intent to affect pending appeals. (*Martin* v. *Municipal Court* (1983) 148 Cal.App.3d 693, 696 [196 Cal.Rptr. 218].) Such intent is evident here: subdivision (i) of section 366.25 (added in 1987) expressly states that the statute applies to minors adjudged dependent children before 1989.

Consequently, even if the present order were appealable, the appeal will be terminated as of January 1, 1989, when subdivision (j) of section 366.25 becomes effective. For this reason we dismiss the appeal, even though the new legislation is not yet effective, because counting the time for Supreme Court review our decision will not become completely final before January 1, 1989.

The appeal is dismissed.

Low, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 16, 1989.