2 Cal.App.4th 1 (1991)
2 Cal. Rptr.2d 810
In re TAYA C., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent,
v.
PENNY H. et al., Objectors and Appellants.
PENNY H. et al., Petitioners,
v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real Party in Interest.
Docket Nos. D014377, D014675.
Court of Appeals of California, Fourth District, Division One.
December 24, 1991.
*4 COUNSEL
Dorothy A. Hampton and Scott A. Wahrenbrock, under appointments by the Court of Appeal, for Objectors and Appellants and for Petitioners.
Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, and Jim Wellman, Deputy County Counsel, for Petitioner and Respondent and for Real Party in Interest.
No appearance for Respondent Superior Court.
Robert D. Frank, under appointment by the Court of Appeal, for Minor.
[Opinion certified for partial publication.[*]]
*5 OPINION
NARES, J.
Penny H. (Penny) and Robert C. (Robert), parents of dependent child Taya C. (Taya), petition[2] for extraordinary relief after the court, at a twelve-month review hearing held pursuant to Welfare and Institutions[3] Code section 366.21, found Taya would not likely be returned to their custody within six months, terminated reunification services, and set a hearing under section 366.26 to select a permanent home[4] for Taya.
Penny and Robert contend section 366.26, subdivision (k),[5] providing for review of the order setting the hearing only by petition for extraordinary writ, is unconstitutional because it (1) violates due process in that a petitioner is not entitled to file a reply brief, orally argue, receive a written opinion and petition for rehearing, and (2) violates equal protection of the laws by providing a greater scope of review to parents of children placed in long-term foster care. The parents also raise other contentions, arguing that the reunification services were inadequate and other findings of the trial court were not supported by substantial evidence.
We granted a stay of the section 366.26 hearing pending review and issued an order to show cause. In the first part of this opinion we conclude section 366.26, subdivision (k) is constitutional. We thereafter conclude substantial evidence supports the trial court's findings, and deny the petition.

I. PROCEDURAL BACKGROUND
After having declared Taya C. a dependent child, at the 12-month review on January 10, 1991, the court terminated reunification services and ordered *6 a section 366.26 hearing. Pursuant to section 366.26, subdivision (k), the within petitions were filed.

II. CONSTITUTIONALITY OF SECTION 366.26, SUBDIVISION (k)
(1a) The parents argue section 366.26, subdivision (k) infringes on their constitutional right of appellate review because article VI, section 11, of the California Constitution provides "[C]ourts of appeal have appellate jurisdiction when superior courts have original jurisdiction...." The parents argue a due process right to appeal thus exists for all cases originating in the superior court because the California Constitution created intermediate appellate courts for that purpose. (2a) Alternatively, the parents argue their right to equal protection is violated because "[u]nder a plan of long term foster care, a parent may seek full appellate review of the trial court's findings that reasonable services were offered and return of custody would be detrimental. These same findings, however [in the context of a 366.26 referral] may be affirmed without oral argument, or opinion...."
Because the order to show cause issued, requiring a written opinion (Cal. Const., art. VI, § 14), these contentions might be deemed moot. (3) However, when "a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (In re William M. (1970) 3 Cal.3d 16, 23 [89 Cal. Rptr. 33, 473 P.2d 737].) The manner and scope of appellate review of court orders affecting parental rights present such issues on a recurring basis, and this is a proper case for resolution.

A. Due Process

The parents confuse the jurisdiction of a reviewing court with a litigant's right to appeal a judicial decision. (4) The fact that judgments and some orders of a superior court may be appealed to an intermediate appellate court does not mean every order or finding is appealable. The California Supreme Court and the Courts of Appeal derive their appellate jurisdiction from the California Constitution (art. VI, § 11). The right of a party to appeal, however, is wholly statutory and no judgment or order is appealable unless expressly made so by statute. (Lavine v. Jessup (1957) 48 Cal.2d 611, 613 [311 P.2d 8]; Supple v. City of Los Angeles (1988) 201 Cal. App.3d 1004, *7 1009 [247 Cal. Rptr. 554].) Appeals in juvenile dependency proceedings are governed by section 395.[6]
Because the Legislature has complete control over the right to appeal, it can restrict, change, withhold or even abolish that right. (Superior Wheeler C. Corp. v. Superior Court (1928) 203 Cal. 384, 386 [264 P. 488].) The Legislature may even terminate an already-perfected appeal by enacting a statute which retroactively withdraws the right to appeal. (In re Angela R. (1989) 212 Cal. App.3d 257, 261-262 [260 Cal. Rptr. 612]; In re T.M. (1988) 206 Cal. App.3d 314, 315-316 [253 Cal. Rptr. 535]; In re Albert B. (1989) 215 Cal. App.3d 361, 371-372 [263 Cal. Rptr. 694].)
(5) Appeals in juvenile proceedings have long had preference over all other pending appeals. (See fn. 6, ante.) By enacting section 366.26, subdivision (k), the Legislature chose an even more expeditious method for appellate review of the decision to refer a child to a permanent placement hearing. At the time of referral, the goal of the proceedings changes from reunifying the family to locating a permanent home for the child apart from the parent. Mandatory reunification services cease and visitation may also end. (§ 366.21, subd. (h).)
For all practical purposes, the tie between parent and child is severed by the referral to the section 366.26 hearing, because the court has terminated efforts to reunify the family, and now has only the circumscribed options of adoption, guardianship or long-term foster care for the child, none of which directly involves the parent. If the child is adoptable and if no extraordinary situation exists, termination of parental rights at the section 366.26 hearing is highly likely. Absent a change of circumstance,[7] the juvenile court will no longer consider the reunification efforts of the parent.
In specifying review of the referral order by petition for extraordinary writ, the Legislature has afforded a parent speedy review, before the child has lived and developed ties in a permanent setting. Review by extraordinary writ is thus a rational choice compared with review by appeal, given the importance of the section 366.26 referral. It is then any miscarriage of justice must be addressed, not months or years later.
*8 For the same reason it is clear that the petition for extraordinary writ must present all issues then in dispute, including most particularly matters related to the decision to terminate reunification services. "When a juvenile court has decided against reunification altogether, an expeditious method must exist by which a parent may obtain review of the ruling before the court orders the termination of parental rights. The Legislature provided such a means by enacting section 366.26, subdivision (k)." (In re Rebecca H. (1991) 227 Cal. App.3d 825, 836 [278 Cal. Rptr. 185].) We agree that the Legislature did not intend to preserve the issues resulting in the referral to the section 366.26 hearing, including the adequacy of the reunification services and a parent's compliance, for a second review on appeal because of the express statement the order is not appealable. It would be illogical to review the order itself by petition, and then later to rereview the underlying findings on a subsequent appeal.[8]
A contrary position was taken by the court in In re Kristin W. (1990) 222 Cal. App.3d 234, 249 [271 Cal. Rptr. 629], which observed that a parent who does not file a notice of appeal concurrently with the writ application "may be permanently deprived of a fundamental right if the reviewing court summarily denies the writ petition" and thus "diligent counsel should file both a timely notice of appeal and a writ petition seeking review of the orders made at the permanency planning hearing." Similarly, the court in In re Rebecca H., supra, 227 Cal. App.3d at pages 835-837, having determined the order denying reunification services was not reviewable by appeal, proceeded to decide the issue by treating the appeal itself as a petition for extraordinary relief. While the devices recommended in Kristin W. and employed in Rebecca H. permit review, they delay it. That delay disserves the interests of the minor, the parents, and the courts, and is clearly inconsistent with the intent of the Legislature.
(1b) Although review by petition for writ is often characterized as summary, summary does not mean cursory. As an original proceeding, the appellate court has access to the record and a variety of options, including issuing a stay, the alternative writ or an order to show cause. While argument and a written opinion are constitutionally required only when a petition becomes a cause (Cal. Const., art. VI, § 14; Code Civ. Proc., § 1088), we *9 find no authority holding a petitioner is denied due process by lack of a reply brief, oral argument or petition for rehearing, and thus substantive review by writ application as prescribed in section 366.26, subdivision (k) complies with due process.

B. Equal Protection

(2b) The parents claim review of the referral order by petition violates equal protection because parents of children placed in long-term foster care may seek review of that order by way of appeal. We assume the parents refer to a child placed in long-term foster care either at the 12-month status review hearing upon a finding "that the minor is not adoptable and has no one willing to accept legal guardianship" (§ 366.21, subd. (g)(2)) or at the 18-month review upon a similar finding (§ 366.21, subd (a)).[9] The two categories of parents are not similarly situated for equal protection purposes, because the foster care order is a final placement order contemplating no further action by the court other than regular review. In contrast, the referral order is an interim order requiring further action by the court within 120 days to establish guardianship or adoption proceedings and possibly terminate parental rights. Appellate review may differ where the classes of appellants (or petitioners) are not similarly situated. (See People v. Johnson (1981) 123 Cal. App.3d 106, 110 [176 Cal. Rptr. 390].) The long-term foster care child is "settled," while the child referred to the section 366.26 hearing does not yet have a permanent placement. While review by appeal is logical for the former situation, the latter requires an expeditious review. This does not amount, however, to denial of equal protection.

C. Summary

Insofar as reviewing section 366.26 referral by writ rather than appeal denies neither due process nor equal protection, we conclude section 366.26, subdivision (k) is constitutional.

III., IV.[*]
.... .... .... .... .... .... .... .

*10 V. DISPOSITION
The petitions for extraordinary writ of mandate and supersedeas are denied. The stay issued by this court on May 9, 1991, is vacated.
Kremer, P.J., and Huffman, J., concurred.
Appellants' petitions for review by the Supreme Court were denied April 23, 1992. Lucas, C.J., and Kennard, J., were of the opinion that the petitions should be granted.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.
[2] Separate counsel represent Robert on his petition for supersedeas and Penny on her petition for writ of mandate. We issued a stay on Robert's petition (D014377) and an order to show cause on Penny's petition (D014675). We have considered the petitions together at argument. For simplicity, in this opinion we address the parents' like arguments jointly. Counsel for Taya joins with the Department of Social Services in opposing both petitions.
[3] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[4] Section 366.26, subdivision (b) provides "the court, in order to provide stable, permanent homes for these minors" shall review specified reports, receive evidence from the parties, "and then shall do one of the following: [¶] (1) Permanently sever the parent or parents' rights and order that the child be placed for adoption. [¶] (2) Without permanently terminating parental rights, identify adoption as the permanent placement goal and order that efforts be made to locate an appropriate adoptive family for the minor for a period not to exceed 60 days. [¶] (3) Without permanently terminating parental rights, appoint a legal guardian for the minor and issue letters of guardianship. [¶] (4) Order that the minor be placed in long-term foster care, subject to the regular review of the juvenile court."
[5] "An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ."
[6] Section 395 provides in relevant part: "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; but no such order or judgment shall be stayed by the appeal, unless, pending the appeal, suitable provision is made for the maintenance, care, and custody of the person alleged or found to come within the provisions of Section 300, and unless the provision is approved by an order of the juvenile court. The appeal shall have precedence over all other cases in the court to which the appeal is taken." (Italics added.)
[7] A parent may petition the juvenile court to change, modify, or set aside the order upon grounds of change of circumstance or new evidence. (§ 388.)
[8] The need to raise issues in the petition for writ rather than by appeal is clearly set forth in cases interpreting section 366.25, subdivision (j). (See, e.g., In re Albert B., supra, 215 Cal. App.3d 361, 370-372; In re Eli F. (1989) 212 Cal. App.3d 228, 234-236 [260 Cal. Rptr. 453].) Section 366.25, the predecessor to section 366.26, applies to minors adjudged dependent children prior to January 1, 1989, while the latter section applies on or after that date. For our purposes, cases construing section 366.25, subdivision (j) apply to section 366.26, subdivision (k), and thus petitioners herein have properly placed all relevant matters in issue.
[9] A child may also be placed in long-term foster care at the later section 366.26 hearing. (§ 366.26, subd. (b)(4).) This category of parent is in exactly the same review situation as the parent whose child is placed in guardianship or adoption proceedings.
[*] See footnote, ante, page 1.