[No. D015536. Fourth Dist., Div. One. Feb. 20, 1992.]

In re AMANDA B., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
DAVID B., Defendant and Appellant.

**COUNSEL**

Lynne G. McGinnis, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, E. Jane Via and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

Stuart A. Skelton for Minor.

**OPINION**

**FROEHLICH, J.**—On October 9, 1991, an order was entered by the San Diego County Superior Court, Juvenile Division, after a hearing under Welfare and Institutions Code[1] section 366.26 (termed a "selection and implementation" hearing) which terminated all parental rights of the minor's natural parents and referred the child for adoption. Notice of appeal from this order was filed on October 15, 1991. Appellant's opening brief was duly and timely filed on January 7, 1992. On January 23, 1992, respondent department of social services filed a written motion, together with points and authorities, seeking dismissal of the appeal. On January 31, 1992, appellant father filed a memorandum of points and authorities in opposition to the motion to dismiss. Father also requested that the motion be placed upon the motion calendar for oral argument and hearing. We granted the request for calendaring and held a hearing, which was attended by both parties in interest, on February 13, 1992. Having reviewed the briefs and heard oral argument, we now grant the motion to dismiss and publish our order in

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

accordance with California Rules of Court, rule 976(b)(3), as an opinion which "involves a legal issue of continuing public interest."[2]

■ The section 366.26 hearing has been termed a "selection and implementation" hearing because it is the hearing at which determination is made as to the future disposition of a child who cannot be returned to the parents' custody. Specifically, the alternatives available to the court at the section 366.26 hearing are (1) to permanently sever parental rights and order the child placed for adoption, (2) to identify adoption as a permanent placement goal without terminating parental rights and require that efforts be made to find an adoptive family, (3) to appoint a legal guardian for the child without terminating parental rights, and (4) to place the child in long-term foster care. (§ 366.26, subd. (b)(1)-(4).) Termination of parental rights may be precluded, however, if the court finds that such termination would be detrimental to the minor due to one of several circumstances specified in section 366.26, subdivision (c)(1)(A)-(D).

The selection and implementation hearing in this case focused on these potential findings. The court ruled that "it is likely that said minor will be adopted if parental rights are terminated," that "none of the circumstances listed in section 366.26, subdivision (c)(1) . . . exist," that all parental rights be terminated and the child freed from parental custody, and that the minor be referred for adoption. It is *this* order which is the subject of the instant appeal.

We find, however, when reviewing the points raised by father's opening brief, that his claims of error all refer to the hearing that preceded the selection and implementation hearing. This was a 12-month review hearing under section 366.21, subdivision (f), which resulted in an order setting the case for the subsequent section 366.26 selection and implementation hearing. As a prerequisite to this referral, the court at the section 366.21 hearing was obliged to, and did, find: (1) there was not a substantial probability that the minor would be restored to the parents within six months; (2) reasonable reunification services had been provided and offered the parents; (3) reunification services would be terminated; and (4) pending the section 366.26

---

[2]As we note in our opinion, *post*, the rules of appellate review of the various superior court orders made in the evolution of a child dependency case are being defined and delineated in a series of current appellate court cases. The emerging precedent establishes the necessity of timely writ review of certain dependency orders, and confirms that failure to seek writ review will result in waiver of all review rights. The inevitable result of this determination is that late-filed petitions for review, whether by appeal or by writ, will be subject to peremptory dismissal. This is the first case in which the court is faced with a formal dismissal motion, fully briefed, opposed by formal opposition and orally argued before a full appellate panel. We deem the publication of the dismissal opinion appropriate in the interest of alerting the bar to the adverse consequences which will attend failure to seek timely review by the correct process.

hearing the minor could continue as a dependent child of the court and would be placed in the custody of grandparents.

Father's grounds for appellate reversal of the trial court's order are (1) that the trial court improperly shifted the burden of proof to father at the section 366.21 hearing; (2) that there was insufficient evidence upon which the court could make a determination that the child could not be returned to the custody of father; and (3) that the reunification services which had been provided were inadequate. All of these issues were before the court at the section 366.21 referral hearing; none of these issues was relevant to the rulings the court was required to make at the selection and implementation hearing.

The issue is squarely presented: May a parent seek review of errors made in a referral hearing after the issuance of a judgment in the subsequent selection and implementation hearing? The answer to this question lies in a review of the statutory framework for resolving the disposition of dependent children, as applicable from and after January 1, 1989. The procedure for terminating parental rights is set forth in section 366.26, subdivision (c)(1). If the court determines by clear and convincing evidence that it is likely the child will be adopted, the findings made at the previous referral hearing "shall then constitute a sufficient basis for termination of parental rights. . . ." In other words, the court is instructed to accept the findings made at the previous hearing without reopening the case as to those matters. These previous findings have become res judicata.

This result is clearly indicated in the report of the legislative committee which sponsored Senate Bill No. 243, the amendment creating the present statutory framework. On page 11 of the Report of the Senate Select Committee on Children and Youth, January 1988, the analysis of the relationship between the selection and implementation hearing and the prior review hearing is made as follows:

"The critical substantive change is that in order to terminate parental rights the court need make only two findings: (a) That there is clear and convincing evidence that it is likely that the minor will be adopted; and (b) that there has been a *previous* determination (at the dispositional or six, twelve or eighteen month hearing) that reunification services shall not be offered. In essence, the critical decision regarding parental rights will be made at the dispositional or review hearing, that is, that the minor cannot be returned home and that reunification efforts should not be pursued. In such cases, the decision to terminate parental rights will be relatively automatic if the minor is going to be adopted." (Italics in original.)

One of the objectives of the new statutory plan was to speed up the process by which minors would be placed in a permanent home, so that "minors who are adoptable will no longer have to wait months and often years for the opportunity to be placed with an appropriate family on a permanent basis." (Sen. Select Com. Rep., *supra*, p. 10.) In accord with this objective, the selection and implementation hearing, at which the permanent plan for the minor is selected, must be held within 120 days from the date upon which it is determined, at a section 361.5, subdivision (b), 366.21 or 366.22 referral hearing, that the minor cannot be returned to the parents. In harmony with this goal is the *preclusion* of appeal from the decisions made at a referral hearing. Review of these decisions can be sought *only* by petition for extraordinary writ. (§ 366.26, subd. (k).) Our court has recently ruled that this exclusive provision for review, by writ rather than appeal, meets constitutional due process requirements. (*In re Taya C.* (1991) 2 Cal.App.4th 1, 8-9 [2 Cal.Rptr.2d 810].)

 The compelling conclusion from this review of statutory framework and objectives is that objections to the rulings made at a referral hearing must be raised by writ petition *before* the time of the selection and implementation hearing. If not so raised, they become moot. It would be entirely contrary to the ends sought by the statute to permit a challenge to the referral hearing determinations after selection and implementation rulings had been made. Since the selection and implementation ruling, at least if it terminates parental custody, is grounded on acceptance of the referral hearing determinations, the reliability of the selection and implementation decision would be completely destroyed if parents were able to mount late challenges to the earlier foundational rulings.

We are confirmed in this conclusion by several very recent decisional authorities. The interrelationship of the referral order and the selection and implementation hearing was reviewed in *In re Rebecca H.* (1991) 227 Cal.App.3d 825 [278 Cal.Rptr. 185]. That was a case in which the review was in the form of an appeal, taken after the ruling was made at the selection and implementation hearing, but was review which sought to challenge determinations made at the prior referral hearing (in that case, a hearing under section 361.5, subdivision (b)). The court held that "section 366.26, subdivision (k) carves out an unambiguous and well-conceived exception to the general [rules of appeal]," and that the appropriate appellate review of denial of reunification at the referral hearing was by "[t]he filing of a timely petition for an extraordinary writ." (227 Cal.App.3d at p. 836.) The court then treated the appeal as a writ petition and addressed the issues raised therein, although acknowledging that "[r]ather than serving the object of expeditious review of the juvenile court's denial of reunification services,

pursuit of the issue via appeal from the disposition [termed herein the referral order] has delayed its resolution. . . ." (*Id.* at p. 837.)

The question was addressed more directly in our opinion in *In re Taya C.*, *supra*, 2 Cal.App.4th 1. We determined that the Legislature had adopted writ review of referral hearing orders to provide "speedy review, before the child has lived and developed ties in a permanent setting . . ." and that it is at this early date that "any miscarriage of justice must be addressed, not months or years later." (*Id.* at p. 7.) In terms of loss of review rights not addressed by writ, we said:

"We agree that the Legislature did not intend to preserve the issues resulting in the referral to the section 366.26 hearing, including the adequacy of the reunification services and a parent's compliance, for a second review on appeal because of the express statement the order is not appealable. It would be illogical to review the order itself by petition, and then later to rereview the underlying findings on a subsequent appeal." (2 Cal.App.4th at p. 8.)

Finally, we refer to our own decision in *Cynthia D. v. Superior Court, ante,* page 913 [4 Cal.Rptr.2d 909] review granted April 23, 1992 (S025807), issued the same date as the instant dismissal order. To some extent we plow the same ground in this written order as we cultivated in *Cynthia D.* We refer to the decision because its form is more conducive to lengthy analysis. The conclusion of that opinion is the same as that reached here: that "any review of an order terminating reunification services and determining that a child cannot be returned to a parent . . . *must* be undertaken by writ petition, and if not so brought will be waived."

Father asks that if we conclude he cannot appeal from the referral findings and order, we treat his appeal as a writ petition. This was the procedure utilized in *In re Rebecca H., supra,* 227 Cal.App.3d 825, and this court has upon occasion treated purported appeals from referral hearings as writs rather than dismissing the filing (since an appeal is not permitted under section 366.26, subdivision (k)). We have done this, however, when the purported appeal was filed within the time that would have been appropriate for a writ filing—sufficiently early to allow this court's determination of the writ before the 120-day period leading to the selection and implementation hearing has elapsed.

That is not the procedural posture of this case. Father has allowed the rulings at the referral hearing to become effectively final, in that they have been utilized by another court at another hearing as foundation for the important ruling terminating parental control and referring the child for

adoption. As we have suggested above, to now permit a late writ to challenge the propriety of these early rulings would undermine the Legislative objective of expediency and finality in child dependency administration. It is our responsibility to uphold and foster through our appellate work the Legislature's program, designed generally to benefit dependent children. We must do this by dismissing appeals which purport to challenge rulings at early hearings, when the challenge, whether brought by purported appeal or by writ, is so late as to preclude correction of referral hearing errors before the selection and implementation hearing has been held.[3]

We therefore grant the motion to dismiss this appeal.

Kremer, P. J., and Todd, J., concurred.

A petition for a rehearing was denied March 4, 1992, and appellant's petition for review by the Supreme Court was denied June 11, 1992. Panelli, J., and Baxter, J., were of the opinion that the petition should be granted.

---

[3]In this ruling we follow authority set forth in *In re Matthew C., ante,* 249, at pages 264-265 [__ Cal.Rptr.2d __] review granted April 23, 1992 (S025565): "Section 366.26, subdivision (k) contains no provisions regarding the time in which a petition for writ relief must be filed. However, in order to obtain seasonable relief, the petition must be filed prior to the date scheduled for the section 366.26 hearing (*In re Rebecca H., supra,* 227 Cal.App.3d at p. 836.) In the present case, the request to expand the appointment in order to file a writ petition was not filed until after the section 366.26 hearing had been held and parental rights terminated. Accordingly, the request properly was denied. To conclude otherwise would delay review of the section 366.21 order and findings thereby circumventing the legislative intent in enacting the new statutory scheme."