[No. D014275. Fourth Dist., Div. One. Feb. 28, 1992.]

In re SEAN E. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
MARY J., Defendant and Appellant.

## COUNSEL

Lynne G. McGinnis, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, James H. Wellman and Gary Bubis, Deputy County Counsel, for Plaintiff and Respondent.

Margie G. Woods, under appointment by the Court of Appeal, for Minors.

## OPINION

**WIENER, J.**—Mary J., the mother of Sean E. and Seana E., born on April 15, 1989, appeals from the judgment terminating her parental rights pursuant to Welfare and Institutions Code section 366.26, subdivision (b)(1).[1] We decide the court's ruling granting Mary's section 388[2] motion vacated its previous order scheduling the section 366.26 hearing. Absent the legal predicate for that hearing the court did not have the power to terminate Mary's parental rights. We must therefore reverse the judgment.

### I

For analytical convenience we depart from our usual form of opinion in which we start with a narrative of the factual and procedural background before discussing the legal issues. Here we first comment briefly on the pertinent statutory provisions governing dependency proceedings so that we more easily identify and examine the dispositive issue involving the interplay between sections 366.26 and 388.

### II

██ After the juvenile court acquires jurisdiction under section 300, it proceeds along a legislatively mandated time grid defining when and under what circumstances it may act. Generally the legislative track requires the

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]Section 388 provides in part:

"Any parent . . . having an interest in a [dependent] child . . . may, upon grounds of change of circumstance or new evidence, petition the court in the [dependency proceeding] for a hearing to change, modify, or set aside any order of court previously made . . . .

"If it appears that the best interests of the child may be promoted by the proposed change of order . . . the court shall order that a hearing be held . . . ."

court to conduct hearings every six months for a period not to exceed eighteen months. The purpose of these hearings is to make sure the court will be fully apprised of the status of the dependent child enabling it to make appropriate orders, either promptly returning the child to his or her parents or for some other placement. (See §§ 366, 366.21, 366.22, 366.25 and 366.26.)

At the review hearings held six months and twelve months after the initial dispositional hearing, the court must order the return of the minor to the physical custody of his or her parents unless by a preponderance of the evidence, it finds returning the child would create a substantial risk of detriment to his or her well-being. (§ 366.21, subds. (e) and (f).) Subject to certain exceptions not relevant here, where the court determines the minor should not be returned to his or her parents the process culminates in the hearing provided by section 366.26. At the conclusion of the section 366.26 hearing and in order to provide a permanent and stable home for the minor the court must choose one of four statutorily specified options. Included within this category is section 366.26, subdivision (b) which authorizes the court to permanently sever the parent or parents' rights and order the child placed for adoption.[3] The court cannot terminate parental rights, however, unless it finds by clear and convincing evidence that the minor will be adopted. (§ 366.26, subd. (c)(1).) In addition the court shall have made the requisite finding under section 366.21 that the minor should not be returned to his or her parent. (§ 366.26, subd. (c)(1).)

As is obvious from the foregoing, the Legislature intended to eliminate any dillydallying in permanently placing a dependent minor and to avoid "losing" a child in the bureaucratic maze (see generally, Rep. of Sen. Select Com. on Children and Youth (Jan. 1988)) and to remove, or at least substantially reduce, any potential detriment to the child that could be caused by court delay. (". . . [D]elay disserves the interests of the minor, the parents, and the courts, and is clearly inconsistent with the intent of the Legislature." *In re Taya C.* (1991) 2 Cal.App.4th 1, 8 [2 Cal.Rptr.2d 810].) ▮ Notwithstanding this clear intent the Legislature was also well aware that the circumstances surrounding the minor could change and that appropriate statutory provisions were essential to deal with the dynamics of the child's situation. In order to furnish this judicial flexibility the Legislature enacted sections 352 and 388. Section 352 provides in part that "[u]pon request of counsel for the parent, guardian, minor or petitioner, the court may continue any hearing under this chapter beyond the time limit within

---

[3]The other options include appointing a legal guardian for the minor or ordering that the minor be placed in long-term foster care. (§ 366.26, subds. (b)(3) and (b)(4).)

which the hearing is otherwise required to be held."[4] Section 388 permits a parent to petition the court to "change, modify, or set aside any order . . . previously made" where there is a change of circumstances or new evidence. (See fn. 2, *ante*.)

The issue in this case involves the interrelationship of these statutory provisions in a rather unique procedural setting.

### III

The juvenile court acquired jurisdiction over three-day-old Sean E. and Seana E. after the department of social services (DSS) successfully petitioned on their behalf under section 300, subdivision (b).[5] The children were removed from Mary's custody. Following the six-month and twelve-month review hearings the court made the requisite findings and set a hearing under section 366.26. After the hearing was scheduled but before it commenced Mary petitioned under section 388 alleging a change of circumstances. She requested the court stay the section 366.26 hearing and modify its order concerning placement of the minors. Both hearings were set to be heard on the same day. After receiving reports of a bonding study and listening to testimony, the court found the best interests of the minors would be served by further visitation with their mother. On that basis the court continued the section 366.26 hearing. It did not rule on Mary's section 388 petition. DSS unsuccessfully moved for reconsideration. ■ In rejecting DSS's argument that there was no statutory basis for the order, the court granted Mary's section 388 petition to modify the findings of the 12-month hearing. The court found DSS's assessment was incorrect, Mary had shown the potential to be a good parent and there was a substantial probability Mary would be able to care for the minors within six months. The court did not order further reunification services which had been terminated at the 12-month hearing.

---

[4]Although section 352 authorizes the court to grant a continuance, the time constraints affecting dependency cases substantially limit the court's discretion. Not only does this section preclude a continuance where it is contrary to the interest of the minor but continuances can "be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing on the motion for the continuance. . . . Further, neither a pending criminal prosecution nor family law matter shall be considered in and of itself as good cause. Whenever any continuance is granted, the facts proven which require the continuance shall be entered upon the minutes of the court." (§ 352, subd.(a).)

[5]Section 300, subdivision (b) states that an adjudication of dependency is appropriate under the following circumstances:

"(b) [When] [t]he minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm or illness" because a parent either fails to provide the minor adequate food, clothing, shelter or medical treatment, or because a parent is unable to care for the minor due to "mental illness, developmental disability or substance abuse."

At the continued section 366.26 hearing the court received additional testimony and evidence. At the conclusion of the hearing and pursuant to DSS's written recommendation the court terminated Mary's parental rights, the order which she now challenges.

### IV

Our discussion of the statutory scheme makes it apparent there is a tension between the timely resolution of dependency cases and the thoughtful exercise of judicial discretion. There are some cases which may necessitate additional time so that the changing relationship between the minor and his or her parents can be examined. (See § 352.) Provided the court complies with the statutory requirements authorizing continuances under section 352 there is no legal impediment for slight and justified delays. Here had the court simply continued the case for further hearing under section 352 it could have done so. As noted earlier, however, the court continued the case on the basis of having granted Mary's section 388 petition. In granting that order the court necessarily set aside its previous order. Here the previous order was the order scheduling the section 366.26 hearing. Once vacated there was no section 366.26 hearing to conduct. The court could therefore not proceed and terminate Mary's parental rights.[6]

Our conclusion is based on more than a technical reading of the statute. To affirm the order terminating Mary's parental rights would ignore the inherent factual contradiction in the two orders. The court's later order granting Mary's section 388 petition directly conflicts with the court's earlier findings. By refusing to order continued reunification services pending an eighteen month review hearing (§ 366.22), the court impliedly but necessarily found there was no substantial probability the children could be returned to Mary within six months (§ 366.21, subd.(g)(1)). Inherent in the granting of her section 388 petition, however, is the court's contrary finding that there was a substantial probability that Mary would be able to take care of her children. In this context the only authorized procedure which would have resolved these conflicting findings was for the court to set aside the section 366.26 hearing, schedule an 18-month review hearing and offer Mary further reunification services pending that hearing. The court having failed to do so, we must reverse the judgment.

---

[6]We reject the assertion that *In re Elaine E.* (1990) 221 Cal.App.3d 809 [270 Cal.Rptr. 489] requires a different result. Counsel for the minors argues we can interpret the court's granting the section 388 motion as only the first step in a two-step process, the second step being an evidentiary hearing in which the court determines whether to modify the prior court order. The court here granted the section 388 motion finding changed circumstances and a probability of return. As a result, the prior order was vacated. We cannot interpret the continued section 366.26 hearing as part of the section 388 process.

## DISPOSITION

The judgment terminating Mary's parental rights is reversed. The case is remanded for further proceedings consistent with this opinion.

Kremer, P. J., and Benke, J., concurred.