[No. D014746. Fourth Dist., Div. One. June 5, 1992.]

In re STEVEN H. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
MARJORIE H., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

COUNSEL

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, and Terri L. Richardson, Deputy County Counsel, for Plaintiff and Respondent.

Scott A. Wahrenbrock for Minors.

OPINION

**FROEHLICH, J.**—Appellant seeks review by appeal of orders made following a 12-month review hearing conducted in accordance with Welfare and Institutions Code[2] section 366.21. We hold that this appeal is barred by section 366.26, subdivision (k)'s limitation of review to writ review, for orders referring dependency cases to a section 366.26 selection and implementation hearing. We rule that all related orders which accompany or are subsidiary to an order referring the case for a section 366.26 hearing (366.26 hearing) must be reviewed by writ, and that an aggrieved party cannot segment the orders relating to visitation from the balance of the referral order for the purpose of seeking appeal, rather than writ review, of such orders.

### PROCEDURAL BACKGROUND AND CONTENTIONS

Since our ruling is grounded in legal principles rather than being fact-related, we do not recite the detailed factual background of this case. Suffice it to say that the two minor children who are the subjects of this action were removed from their parents' custody in October 1989 because of parental misconduct and neglect. The children were placed outside the parents' home during the period of attempted reunification. A six-month review hearing was held in July 1990 and reunification efforts were ordered continued. It was at the subsequent review hearing on April 15, 1991, that the court determined there was no substantial probability the children could be returned to the parents within the next six months, and hence set a selection and implementation hearing under section 366.26 for August 15, 1991.

The order which resulted from the 12-month hearing, and which referred the case for a selection and implementation hearing, included the requisite

---

[2]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

findings necessary for such referral, namely that reasonable reunification services had been provided the parents, that it would be detrimental to return the children to the custody of the parents, and that there was no probability of such return within the next six months. The court also made an order pertaining to visitation pending the 366.26 hearing, as follows: "Visitation between the minors and mother [and] father shall be at the discretion of DSS and after consultation with therapist. Independent therapist to look into visitation and notify counsel if visitation would be detrimental to the minors."

The contentions on appeal can be summarized as follows:

I. Lack of jurisdiction of the hearing officer at the review hearing because he was a temporary judge sitting without benefit of stipulation.

II. Errors in (1) determining that reasonable reunification services had been offered to appellant, and (2) ruling that it would be detrimental to return the minors to the parent.

III. Error in the visitation order in terms of granting unfettered control over visitation to the department of social services.

We deal summarily with the contentions we have numbered I and II, but discuss at greater length contention number III, which we conceive to raise an issue not well settled by existing precedent.

DISCUSSION

I. *Status of Hearing Officer.**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Contentions of Error in Rulings Underlying Referral Order.* As part of its April 15 ruling the court determined that (1) "The return of the minor[s] to the custody of the parents would create a substantial risk of detriment to the physical and/or emotional well-being of the minor[s]," and (2) "Reasonable services have been provided and/or offered to the parents which were designed to aid the parents to overcome the problems which led to the initial removal of the minors." █ Appellant's contentions boil down to an argument that the evidence was insufficient to support either conclusion.

Each of these findings and orders is a condition precedent to the setting of a selection and implementation hearing under section 366.26. Section

*See footnote, *ante*, page 1752.

366.21, subdivision (g)(1) provides that the court "shall not order . . . a hearing pursuant to Section 366.26 . . . unless there is clear and convincing evidence that reasonable services have been provided or offered to the parents." Section 366.21, subdivision (f) requires that the child be returned to the parent unless the court finds that "return of the child would create a substantial risk or detriment to the physical or emotional well-being of the minor." Thus, these findings constitute underpinnings for the ultimate order setting a selection and implementation hearing.

Since the order directing that a selection and implementation hearing be held is nonappealable, but reviewable only by writ petition (§ 366.26, subd. (k)), it must also be the case that these subsidiary orders, leading to the referral order, are reviewable only by writ petition. It would make no sense to hold that writ review is necessary to attack the referral order itself, while permitting the longer and more delayed review necessitated by formal appeal process to be utilized in attacking the underlying factual findings leading to the referral order.

This principle has been enunciated clearly as to prior parallel provisions of juvenile law. The procedure for terminating parental rights in place before January 1, 1989, involved similar determinations in juvenile court leading to the conclusion that the child could not be returned to the parent, and the making of an order authorizing the filing of a petition to free the minor from parental custody and control under Civil Code section 232. (§ 366.25, subd. (d)(1).) An order authorizing the filing of the petition to free from custody and control was specifically labeled nonappealable, and reviewable only by writ petition. (§ 366.25, subd. (j).)

Persuasive authority construing these statutory provisions stands for the proposition that where the goal of the review effort is the overturning of the referral order, subsidiary findings and orders which lead to the referral order are not appealable but reviewable by writ petition only. In *In re Eli F.* (1989) 212 Cal.App.3d 228 at page 236 [260 Cal.Rptr. 453], for instance, the court's finding that reunification was not likely within the next six months, which led to the referral for a Civil Code section 232 hearing, was termed a "predicate finding." The appeal from this predicate finding was classified as an effort to overturn the order that authorized the filing of the petition to terminate parental rights, and hence is not cognizable. (See also *In re Megan B.* (1991) 235 Cal.App.3d 942, 951 [1 Cal.Rptr.2d 177]; *In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563 [283 Cal.Rptr. 483].)

The statutory framework in place after January 1, 1989, does not require the filing of a new petition to free the child from parental control, but

permits completion of the child's custodial disposition as a part of the same proceeding which resulted in the initial dependency order. The new procedure, which eliminated the need to file a separate action, was designed to accelerate placement of children in permanent relationships, avoiding the result of delay of "months and often years for the opportunity [of an adoptable child] to be placed with an appropriate family on a permanent basis." (Sen. Select Com. on Children and Youth, Child Abuse Reporting Laws, Juvenile Court Dependency Statutes, and Child Welfare Services (1988) p. 10.)

Thus, the objective of avoidance of delay, as contained in section 366.25, subdivision (j) through the requirement of review by writ, is reflected in the same requirement now contained in section 366.26, subdivision (k). Case precedent to date imposes the same strictures on review of orders which contain a reference to a 366.26 hearing (as required by section 366.26, subdivision (k)) as previously applied to orders for a Civil Code section 232 hearing (as required by section 366.25, subdivision (j)). (*In re Rebecca H.* (1991) 227 Cal.App.3d 825, 836 [278 Cal.Rptr. 185]; *In re Catherine S.* (1991) 230 Cal.App.3d 1253, 1256 [281 Cal.Rptr. 746].) We agree with these decisions. If anything, the policy of avoidance of delay is strengthened under the new procedural system, and impels our resolve to require review of referral and related orders by writ rather than the more time-consuming process of formal appeal.

We therefore rule that the subject findings were reviewable only by writ petition and are not cognizable on this appeal.

III. *Review of the Visitation Order.* As noted above, the visitation order provided visitation "at the discretion of the DSS" (meaning department of social services). The order also appeared to permit termination of visitation upon a determination by an "independent therapist" that visitation was detrimental to the minors. ▮ Citing *In re Danielle W.* (1989) 207 Cal.App.3d 1227 [255 Cal.Rptr. 344] and *In re Kristin W.* (1990) 222 Cal.App.3d 234 [271 Cal.Rptr. 629], appellant contends this was an improper delegation of judicial discretion to a nonjudicial officer. "[A] visitation order granting the Department *complete* and *total discretion* to determine whether or not visitation occurs [is] invalid." (*In re Danielle W., supra,* 207 Cal.App.3d at p. 1237.)

We do not reach the question of the validity of this visitation order, because we find it to be a nonappealable order. As with the orders referenced in part II of this discussion, we conclude this order was but a part of, and integrally related to, the order referring the case for a selection and implementation hearing, and hence was reviewable by writ only. In order to reach

this conclusion we must either distinguish or disagree with existing appellate court authority.

The authority to which we refer is illustrated by the majority opinion in *In re Megan B., supra,* 235 Cal.App.3d at page 951; and by the decisions in *In re Elizabeth M., supra,* 232 Cal.App.3d at page 562; *In re Kristin W., supra,* 222 Cal.App.3d 234, 244-249; and *In re Eli F., supra,* 212 Cal.App.3d at pages 235-236. These cases stand for the proposition that some parts of an order referring the case for a final disposition hearing may be appealable, notwithstanding that the order of reference is reviewable by writ only. The concept of this authority is that the court may make numerous rulings following a 6-month, 12-month or 18-month hearing. These rulings are ordinarily subject to appellate review in accordance with section 395. Where the court includes in its batch of rulings, following such a hearing, an order authorizing a hearing to terminate parental rights, *that* ruling per section 366.25, subdivision (j) may be reviewed only by writ petition. As we noted above, any subsidiary ruling which was a predicate to the referral to the dispositional hearing may also be reviewed only by writ petition. However, these cases conclude that *other* rulings, not necessarily related to the referral order, remain appealable. This results in the potential—indeed the recommended procedure—of filing both a writ petition and an appeal from orders resulting from the same hearing. (See *In re Kristin W., supra,* 222 Cal.App.3d at p. 249.)

As stated in *In re Eli F., supra,* 212 Cal.App.3d at pages 235-236: "[A] juvenile court frequently makes several kinds of orders at the conclusion of a permanency planning hearing. Had the Legislature wished to make all such orders nonappealable it would have said so. . . . [¶] [W]e conclude that by its enactment of subdivision (j) of section 366.25 the Legislature intended to preclude appeals *only* from an order authorizing the filing of a parental termination action . . . . Other contemporaneous orders . . . remain appealable pursuant to the general rule of section 395 . . . ."

These cases of course construe section 366.25, subdivision (j), while we here deal with the parallel appellate limitation contained in section 366.26. One can argue that sufficient difference exists between the former procedures and the current ones to permit distinction of the authority governing section 366.25 referrals. While we have no reliable statistical or evidentiary basis for making the finding, it would appear that the former procedure, which required the filing of a new petition under Civil Code section 232, may well have imposed greater delays on the system—time lags between the order authorizing the filing of the petition and the ultimate resolution of the final disposition of the child. Perhaps under such circumstances it can be

argued that subsidiary orders, such as those governing continuing visitation by the parents, should be severable in terms of their appealability from the referral order itself. The new legislative scheme surely aims at more prompt resolution of review from a referral hearing; and on this ground it can be urged that *all* challenges to a ruling at a section 366.21 or section 366.22 hearing, which leads to referral to a 366.26 hearing, should be by writ.

We decline, however, to rest our decision upon an arguable distinction between the section 366.25 and the section 366.26 procedures. The wording of the limitation to writ review in section 366.25, subdivision (j) is virtually identical to the wording in section 366.26, subdivision (k). Each refers specifically to an order adopted following a review hearing which authorizes the setting of a hearing to determine final disposition of the child, and raises the potential of permanent loss of parental rights. In each case the orders of the court will include not only the authorization for the later hearing, but subsidiary orders such as the one in this case, dealing with such subjects as visitation.

We contend that the interests of early resolution of the disposition of the child who is the subject of the action require that *any* review of an order which is part of the order referring the case to a 366.26 hearing should be limited to writ review. We have in an earlier case considered the concept of bifurcated review set forth in *Kristin W.*, and indicated our disapproval of same. We commented that permitting review by appeal of a portion of such order permits delay, and "delay disserves the interests of the minor, the parents, and the courts, and is clearly inconsistent with the intent of the Legislature." (*In re Taya C.* (1991) 2 Cal.App.4th 1, 8 [2 Cal.Rptr.2d 810].)

The inappropriateness of permitting a bifurcated appeal from a referral order can be demonstrated simply by reviewing the time requirements of the alternative proceedings. When an order is made referring the case to a section 366.26 selection and implementation hearing it must provide that the hearing be held no later than 120 days from the date of the order. (§§ 366.21, subd. (e), 366.21, subd. (g)(3), 366.22, subd. (a), 361.5, subd. (f).) A notice of appeal from an appealable order may be filed as late as 60 days following the order (Cal. Rules of Court,[3] rule 2(a)); the reporter then has 30 days to prepare the transcript of proceedings (rule 4(d)); the period for filing of opening, responding and reply briefs is up to 80 days (rule 16(a)), all of which constitute a sum of 170 days before the appellate record is ready for judicial attention. It is true that maximum time periods are not always utilized, but then again, extensions are commonly granted. Also, of course, the court itself seldom acts immediately upon receiving completed documentation.

---

[3]All rule references are to the California Rules of Court.

The upshot of all this is that an appeal can almost never be completed and a decision rendered within 120 days of the date of the order which is the subject of the appeal. Even when the special experimental court rules 39.2 and 39.2(a) (imposing "fast-track" time periods for appeals in juvenile cases filed in Orange, San Diego and Imperial Counties) are applicable, it is virtually impossible to process appeals within 120 days of the appealed order. The courts administering the experimental rules in the three noted counties strive for a goal of completion of appeals within one hundred eighty days of the subject order, and that objective remains a goal rather than an achievement.

What, then, is the practical effect of permitting review by appeal of a portion of the referral order? If the order permitted by appeal is obviously related to the decisions to be made at the selection and implementation hearing, the appellant will likely request a stay of the selection and implementation hearing. While appellate courts have at times stayed the selection and implementation hearing to permit prior resolution of pending appeals or writ petitions, such is clearly not the preferred practice. The legislation we here review brims with admonitions not to delay the final selection and implementation of the ultimate placement of children.

The more likely alternative will be that the selection and implementation hearing will go forward and a final plan will be selected for the child, before the appeal is completed. In many, if not most, cases the adjudication of such final plan will cause the issues of the appeal to become moot. In this case, for instance, the issue is whether terms of visitation are proper. In the event the child is found adoptable at the 366.26 hearing, visitation will in all probability be terminated. The period of visitation in issue in the typical case, as in this case, will be the visitation possible in the interim between the referral hearing and the selection and implementation hearing. There is therefore no practicality in embarking upon an appellate procedure which cannot be completed in time to work any effect during the period the questioned visitation is continuing.

In ruling on this case we are tempted to state that there should never be a situation in which a portion of the order emanating from a section 366.21 hearing or a 366.22 hearing, which refers the case to a selection and implementation hearing, should be appealable (as distinguished from review by extraordinary writ). It is difficult for us to conceive of one portion of any such order not being integrally related to the key decision reflected by the order, i.e., referral to a final hearing at which parental rights may be terminated. Dealing with a similar situation in *In re Megan B., supra,* 235 Cal.App.3d 942, 955, the dissent commented: "Like the other rulings made

at the permanency planning hearing, the one pertaining to visitation was instrumental in enabling the court to reach its decision that termination of parental rights was next on the agenda. Accordingly, [appellant's] dissatisfaction with the visitation order is a direct attack on the court's order authorizing termination proceedings and is nonappealable."

We need not attempt statement of a rule for all occasions, however. The issue in this case is whether the visitation order is so integrally related to the referral order as to preclude review by appeal. We find that it is. These were parents who lost care of their children initially because of alcoholism and inability to provide minimal care. During the period of attempted reunification the parents' performance was sporadic; they did not participate regularly in the ordered treatment programs. The social worker was concerned that the children might suffer harm if they were returned to the parents. These determinations led the court to conclude that a referral for a selection and implementation hearing should be made. The same considerations, it appears, motivated the court to limit visitation pending the selection and implementation hearing.

The court, in other words, found appellant to be an irresponsible parent unable to relate positively to her children. This finding gave rise to two separate orders: one directed that a hearing be held to determine the selection of permanent placement for the children; and the other severely limited visitation pending that hearing. These orders are twin branches springing from the same root. It would be illogical to permit their review to take place in two different forums based on different petitions. Since the referral order may be brought only by writ, we find that the challenge to the terms of the visitation order may also be brought only by writ.

### Disposition

The orders of the superior court are affirmed.

Work, Acting P. J., and Nares, J., concurred.

A petition for a rehearing was denied June 24, 1992, and appellant's petition for review by the Supreme Court was denied September 3, 1992.