Filed 6/17/24  In re A.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E082307 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J272793 & J274127) |
| v. | OPINION |
| J.H., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Cara D. Hutson, Judge. Dismissed.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Defendant and Appellant.

Tom Bunton, County Counsel, Joseph R. Barrell, Deputy County Counsel for Plaintiff and Respondent.

1

The juvenile court ordered A.M. and A.G. (collectively, the children) removed from their foster placement with defendant and appellant J.H., who was one of the children's prospective adoptive parents. (Welf. & Inst. Code, § 366.26, subd. (n)(3).)[1] J.H. contends the juvenile court erred by (1) removing the children from her care; (2) terminating her de facto parent status; and (3) denying her request to be the children's prospective adoptive parent. We dismiss the appeal.

**FACTS**

The juvenile court made the following series of orders: (1) in June 2018, granting the request of J.H. and her wife, L.H. (Wife) (collectively, Foster Parents) to be A.M.'s de facto parents; (2) in July 2018, granting Foster Parents' request to be A.G.'s de facto parents; (3) in October 2018, terminating A.M.'s biological parents' parental rights; (4) in April 2019, designating Foster Parents as A.M.'s prospective adoptive parents; (5) in May 2019, designating Foster Parents as A.G.'s prospective adoptive parents and A.G.'s educational rights holders; and (6) in June 2019, designating Foster Parents as A.M.'s educational rights holders.

By October 2020, Foster Parents had separated and were in the process of divorcing. By April 2022, the children were spending half of their time at Wife's home, which was their primary residence, and half of their time at J.H.'s home. In May 2022, plaintiff and respondent San Bernardino County Department of Children and Family

_____

[1] All subsequent statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

Service (the Department) filed a notice of its intent to remove the children from J.H.'s care, leaving them full-time in their foster placement with Wife.

At a hearing in September 2023, the juvenile court found J.H. did not participate in therapy or a psychological assessment, as advised by the Department; A.M. was overeating while in J.H.'s care; and J.H. failed to provide the children with stability. In contrast, the juvenile court found that Wife was a stable presence for the children. The juvenile court ordered the children removed from their placement with J.H. and that Wife be the sole prospective adoptive parent.

## DISCUSSION

### A. REMOVAL

J.H. contends the juvenile court erred by removing the children from their placement with her. The Department asserts that after the biological parents' parental rights have been terminated the issue of removal is reviewable only by means of a petition for extraordinary writ review. The Department is correct.

"After parental rights have been terminated pursuant to Section 366.26, an order by the court that a dependent child is to reside in, be retained in, or be removed from a specific placement, is not appealable at any time unless all of the following apply: [¶] (A) A petition for extraordinary writ review was filed in a timely manner." (§ 366.28, subd. (b)(1); see also § 366.26, subd. (n)(5); Cal. Rules of Court, rule 5.727(i).) J.H. did not file a writ petition.

Notice of intent to file a writ petition must be filed within seven days of the removal order. (Cal. Rules of Court, rule 8.454(e)(4).) The juvenile court's removal

3

order was entered on September 7, 2023. J.H. filed her notice of appeal on October 5, 2023. If we were to construe the instant appeal as a writ petition, then we would conclude that the petition was untimely and must be dismissed.

J.H. contends that the juvenile court's removal order caused her to lose her status as a prospective adoptive parent, which is effectively a termination of parental rights, and the termination of parental rights is appealable. "The right of a party to appeal . . . is wholly statutory and no judgment or order is appealable unless expressly made so by statute." (*In re Taya C.* (1991) 2 Cal.App.4th 1, 6-7.) We will not engage in the fiction that a removal order, which is reviewable by writ petition, is an order terminating parental rights so as to evade the statutory limits on appeals. We will dismiss J.H.'s appeal, but we briefly address J.H.'s two remaining contentions.

## B.     DE FACTO PARENT

In her opening brief J.H. contends the juvenile court erred by terminating her de facto parent status. In her appellant's reply brief, after conceding that the Department was correct that the juvenile court did not terminate J.H.'s de facto parent status, J.H. asserted that the juvenile court erred by not ordering visitation with her and the children because she is a de facto parent. As a de facto parent, J.H. does not have a right to visitation or reunification services. (*Clifford S. v. Superior Court* (1995) 38 Cal.App.4th 747, 752.)

## C.     PROSPECTIVE ADOPTIVE PARENT

In her opening brief J.H. contends the juvenile court erred by denying her request to be the children's prospective adoptive parent. As noted by the Department, the

4

juvenile court terminated J.H.'s status as a prospective adoptive parent—it did not deny J.H.'s request.

D.    <u>CONCLUSION</u>

J.H.'s contention regarding removing the children from her care is only reviewable by way of a writ petition.  J.H.'s contentions concerning termination of her de facto parent status and denial of a prospective adoptive parent request are based upon misunderstandings of the record.  Accordingly, we dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MILLER</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>CODRINGTON</u>
J.