63 Cal.App.4th 149 (1998)
ANTHONY D., Petitioner,
v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties in Interest. In re CHRISTOPHER D. et al., Persons Coming Under the Juvenile Court Law. ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent.
v.
ANTHONY D., Defendant and Appellant. In re ANTHONY D. on Habeas Corpus.
Docket Nos. G022001, G022007, G022542.
Court of Appeals of California, Fourth District, Division Three.
April 14, 1998.
*151 COUNSEL
Marilyn Dutkus for Petitioner in G022001.
Julie E. Braden, under appointment by the Court of Appeal, for Defendant and Appellant and for Petitioner in G022542.
Laurence M. Watson, County Counsel, and Mark R. Howe, Deputy County Counsel, for Respondent, for Plaintiff and Respondent and for Real Parties in Interest.
Harold LaFlamme, under appointment by the Court of Appeal, and Craig E. Arthur for Minors.
[Opinion certified for partial publication.[*]]
OPINION
RYLAARSDAM, J.
In this one opinion, we address a writ petition, an appeal, and a petition for habeas corpus by Anthony D., father of Danielle and Christopher (Father). We also consider a motion to dismiss the appeal by the Orange County Social Services Agency (SSA). These consolidated appellate proceedings arise out of two dependency hearings in the juvenile court: (1) the twelve-month review hearing for Danielle, held on July 23, 1997, at which reunification services were terminated and the case was referred to a permanency hearing under Welfare and Institutions Code section 366.26; and (2) the jurisdictional and dispositional hearing for Christopher, held on July 30 and August 6, 1997, at which reunification services were denied outright and the case was also referred to a permanency hearing. (All statutory references are to the Welfare and Institutions Code unless otherwise indicated.)
Father, incarcerated at the time, filed a timely notice of intent and petition for relief under California Rules of Court, rule 39.1B from the orders made *152 regarding Danielle on July 23. (All rule references are to the California Rules of Court.) This was followed by a separate notice of intent, also timely, and petition under rule 39.1B for relief from the orders made regarding Christopher on August 6. Both notices and petitions were filed in propria persona, and, while they identified issues, they failed to articulate legal and factual support.
Father's trial counsel, Marilyn Dutkus, filed a notice of appeal on August 6, referencing the superior court numbers for both Danielle and Christopher and both hearing dates. Julie Braden was appointed as appellate counsel. Dutkus then filed a request for an extension of time to file a writ petition in Danielle's case; she expressly declined to file a writ petition in Christopher's case. Dutkus's writ petition in Danielle's case was filed on September 2, 1997, effectively superseding the in propria persona petition filed by Father.
This court summarily denied Father's in propria persona writ petition challenging the referral order in Christopher's case. We issued an order to show cause on the writ petition regarding Danielle, stayed the permanency hearing for both children, and coordinated the briefing schedule and oral argument date with those in the appeal.
Braden filed Father's opening brief on October 22, 1997, raising issues only as to Christopher. SSA filed a motion to dismiss the appeal in November, claiming Father was precluded by section 366.26, subdivision (l) from appealing the orders denying reunification services. Braden filed a petition for habeas corpus on behalf of Father on December 1, 1997, claiming ineffective assistance of counsel for Dutkus's failure to file a writ petition seeking relief from the referral orders regarding Christopher. We ordered all matters heard in conjunction with the writ and appeal. The oral argument date on all issues was set in January 1998; both appellate and trial counsel waived the right to appear on Father's behalf. We consolidated all matters by separate order.

I., II.[*]
.... .... .... .... .... .... .... .

III. MOTION TO DISMISS APPEAL
(1) Father filed an appeal from the dispositional order on August 6, 1997, which declared Christopher a dependent and denied reunification *153 services. Father challenges the jurisdictional findings, claiming he was denied due process because he was not present at the hearing; he also challenges the order denying reunification services, claiming insufficiency of the evidence to uphold it.
SSA filed a motion to dismiss the appeal, contending that, although the dispositional order is normally appealable (In re Megan B. (1991) 235 Cal. App.3d 942, 950 [1 Cal. Rptr.2d 177]), it can only be reviewed by writ where reunification services are denied at the dispositional hearing. Father claims his attack on the underlying jurisdictional findings is not subject to the prohibition against review by appeal. He also claims that, because he challenged the order denying reunification services by a petition for extraordinary writ, which was summarily denied, he can challenge that order by appeal. Father is wrong on both claims; for the reasons discussed below, we dismiss the appeal.

Appealability of dispositional orders when reunification services are denied
In 1987, the Legislature revamped the dependency statutory scheme into its current form, creating section 366.26 as the sole means of selecting a permanent plan for children declared dependents on or after January 1, 1989. Before this legislation was enacted, however, "a dispute arose in the Courts of Appeal as to whether, for children adjudicated dependent prior to January 1, 1989, a postjudgment order authorizing either the filing in superior court of a petition to terminate parental rights pursuant to Civil Code section 232, or the initiation of guardianship proceedings, was an appealable order." (In re Matthew C. (1993) 6 Cal.4th 386, 397 [24 Cal. Rptr.2d 765, 862 P.2d 765].) The Legislature responded in 1988 by enacting former subdivision (j) to section 366.25, which provided: "An order by the court that authorizes the filing of a petition to terminate parental rights pursuant to Section 232 or that authorizes the initiation of guardianship proceedings is not an appealable order but may be the subject of review by extraordinary writ." In 1989, the Legislature similarly amended section 366.26 by adding subdivision (k), which provided: "An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ."
What ensued was a rash of cases attempting to decipher what the Legislature meant by the language in these two subdivisions. This court held (In re Brittany S. (1993) 17 Cal. App.4th 1399 [22 Cal. Rptr. 50]) it meant referral orders were not immediately appealable but were subject to review on appeal from the subsequent judgment pursuant to section 366.26. Other appellate *154 courts held referral orders were not reviewable on appeal at all; the only way to get review was by petition for extraordinary writ. (See, e.g., In re Amanda B. (1992) 3 Cal. App.4th 935 [4 Cal. Rptr.2d 922]; In re Taya C. (1991) 2 Cal. App.4th 1 [2 Cal. Rptr.2d 810].) These courts held that to rule otherwise would contravene the clear legislative intent to expedite finality in dependency proceedings, as evidenced by the streamlining of the entire statutory scheme that created the section 366.26 hearing.
The Supreme Court ultimately disagreed with the latter line of cases. (In re Matthew C., supra, 6 Cal.4th 386.) While it agreed that the intent of section 366.26, subdivision (k) (and presumably section 366.25, subdivision (j)) was to eliminate interim appeals from referral orders, it concluded the findings subsumed within such orders remained reviewable on appeal from the final order made at the section 366.26 hearing. In a footnote, the court noted, "As we construe the current statutory scheme, seeking writ review of the order terminating reunification services and setting a section 366.26 hearing is permissible but not a condition for raising these issues on appeal. If the Legislature deems it appropriate, however, it could amend the statute to expressly provide that a party must seek writ review as a condition to later raising the issue on appeal from a final judgment, and to require that parties be explicitly advised of this requirement at the final review hearing." (6 Cal.4th at p. 400, fn. 13.)
The Legislature quickly accepted this invitation. In 1994, it replaced section 366.26, subdivision (k) with subdivision (l), which provides, in part: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits. [¶] (2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section...." The Judicial Council, in response to a command included in subdivision (l), adopted rule 39.1B, which sets forth the procedure by which a challenge to a referral order must be made.
After the enactment of section 366.25, subdivision (j) and section 366.26, subdivision (k), the question became which findings and orders were made nonappealable by their language. In In re Eli F. (1989) 212 Cal. App.3d 228 *155 [260 Cal. Rptr. 453], the court stated the test for determining the answer to this question: "[W]e conclude that by its enactment of subdivision (j) ... the Legislature intended to preclude appeals only from an order authorizing the filing of a parental termination action or initiating a guardianship proceeding. Other contemporaneous orders made during a permanency planning hearing remain appealable pursuant to the general rule of section 395...." (Id. at pp. 235-236, italics omitted.) An appeal of those contemporaneous orders, however, may also be barred if the appellant's "contentions are designed to overturn the court's order `that authorizes the filing of a petition to terminate parental rights'...." (Id. at p. 236.)
When the referral order is made at the dispositional hearing, the traditional rule favoring the appealability of dispositional orders yields to the statutory mandate for expedited review. In In re Rebecca H. (1991) 227 Cal. App.3d 825 [278 Cal. Rptr. 185], the juvenile court denied services to a father based on his mental disability (§ 361.5, subd. (b)(2)), and set a section 366.26 hearing. The father appealed that judgment, attacking the finding of mental disability and seeking a remand order directing the juvenile court to provide reunification services to him. In concluding the order denying services was not appealable, the court stated: "Because the juvenile court must promptly conduct a permanency planning hearing when it rejects reunification entirely [citation], a challenge to the complete denial of reunification `constitutes a direct attack' on a provision in the disposition order which sets a section 366.26 hearing." (227 Cal. App.3d at p. 836, fn. omitted.)
In so ruling, the court emphasized the need for timely review. "The filing of a timely petition for an extraordinary writ permits appellate review of the denial of reunification prior to the date the section 366.26 hearing is held. Should the reviewing court conclude reunification services were improperly refused, seasonable extraordinary relief could be granted." (227 Cal. App.3d at p. 836.)
In In re Rebekah R. (1994) 27 Cal. App.4th 1638 [33 Cal. Rptr.2d 265], the court was faced with circumstances strikingly similar to ours. The mother appealed from a dispositional order denying reunification services based on her severe abuse of a child under the age of five. (§ 361.5, subd. (b)(5).) In addition to challenging the order denying services, the mother challenged the underlying jurisdictional finding pursuant to section 300, subdivision (e). Citing Rebecca H., the court easily determined the mother's attack on the order denying services was not appealable. (27 Cal. App.4th at p. 1647.)
The court then reached the same conclusion regarding the attack on the jurisdictional finding, reasoning as follows: "Nothing in Rebecca H. warrants *156 limiting its application to only those appellate issues which involve the propriety of the portion of the disposition order that denies a parent reunification services. When the juvenile court rejects reunification, it must conduct a permanency planning hearing promptly after entry of the disposition order. [Citation.] The expeditious review of such a disposition order is no less important when the claim of error pertains not to the denial of reunification but rather to the underlying jurisdictional finding or some other matter which goes to the validity of the order. [Citation.] In all these instances, the filing of a timely petition for an extraordinary writ permits appellate review of the correctness of the disposition order before the date the section 366.26 hearing is held. Should the reviewing court determine that the disposition order must be reversed, `seasonable extraordinary relief could be granted.' [Citation.]" (27 Cal. App.4th at pp. 1647-1648.)
In subdivision (l) of section 366.26, the Legislature has unequivocally expressed its intent that referral orders be challenged by writ before the section 366.26 hearing. This clear expression, together with the foregoing case law, leads us to conclude that when services are denied to both parents at the dispositional hearing, all challenges to the dispositional judgment and underlying jurisdictional findings must be brought by writ because all such challenges, with one possible exception, are designed to overturn the referral order. Because all orders denying services require jurisdiction and out-of-home placement, any successful attack on jurisdiction or the finding of detriment to return the child to his or her home would result in reversal of the denial of services, which, in turn, would result in the reversal of the order setting the section 366.26 hearing. Here, for example, Father's due process challenge to jurisdiction over Christopher, if successful, would require us to reverse the dispositional judgment and either return Christopher to the custody of his Father or remand for a new jurisdictional hearing where Father was present. Either action requires reversal of the referral order.
The one possible exception is an appeal from a dispositional judgment where services were denied to both parents and the matter was referred to a permanency hearing, but the only issue on appeal is an attack on the visitation order. We recognize that this court in In re Megan B., supra, 235 Cal. App.3d 942, held that a ruling on a visitation order made contemporaneously with an order terminating reunification services would not affect the authorization to terminate parental rights under Civil Code former section 232 and was thus appealable. Although the issue of continued visitation is not now before us, we note that an analysis similar to that taken by the dissent in In re Megan B., supra, 235 Cal. App.3d 942, 954 [1 Cal. Rptr.2d 177] (dis. opn. of Sonenshine, J.) might be more appropriate, in light of the clear legislative directive to eliminate interim appeals from referral orders.

*157 Summary denial of insufficient writ petition

Father claims that, even if his challenge to Christopher's dispositional judgment falls within the proscription of review by appeal set forth in section 366.26, subdivision (l), he can appeal because the requirements of that section were fulfilled by his timely filing of a writ petition and our summary denial. He is mistaken.
Section 366.26, subdivision (l) sets out three conditions for the appealability of a referral order: A petition challenging the order must be timely filed, it must be summarily denied, and it must "substantively address[] the specific issues to be challenged and support[] that challenge by an adequate record." The last-mentioned condition is amplified in rule 39.1B(j): "The petition for extraordinary writ shall summarize the factual basis for the petition. Petitioner need not repeat facts as they appear in any attached or submitted record, provided, however, that references to specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record will assist the reviewing court and shall be noted. Petitioner shall attach applicable points and authorities...."
Rule 39.1B directs us to construe liberally rule 39.1B petitions "in favor of their sufficiency" (rule 39.1B(i)), prohibits us from denying such a petition for "technical defects or omissions" (ibid.), and urges us to review petitions on the merits "[a]bsent exceptional circumstances" (rule 39.1B(m)). But we are not required to do the petitioner's work and expend judicial resources on a petition which does not meet the threshold requirements of the statute and rule. Father's petition was filed timely and listed his complaints, raising some specific issues. But the petition was filed before the record was prepared and contained no specific legal or factual support for the allegations. After reviewing the record, trial counsel declined to file a superseding petition. Because Father's petition was insufficient, it was appropriate to deny it summarily. (Cf. In re Sade C. (1996) 13 Cal.4th 952, 994 [55 Cal. Rptr.2d 771, 920 P.2d 716]; Cheryl S. v. Superior Court (1996) 51 Cal. App.4th 1000, 1005 [59 Cal. Rptr.2d 520]; Cresse S. v. Superior Court (1996) 50 Cal. App.4th 947, 955-956 [58 Cal. Rptr.2d 56].)
We recognize two divisions of the Second District have opted to deal with insufficient rule 39.1B petitions by dismissing them as abandoned. (Cheryl S. v. Superior Court, supra, 51 Cal. App.4th 1000; Cresse S. v. Superior Court, supra, 50 Cal. App.4th 947.) The Third District, on the other hand, has chosen to summarily deny such petitions. "Because of the intolerable burden that would otherwise be foisted on the Courts of Appeal, we deem the failure *158 to tender and substantively to address a specific material issue or issues or to furnish an adequate record to be `exceptional circumstances' within the meaning of rule 39.1B(m) which excuse the court from reviewing and determining a petition on the merits." (Joyce G. v. Superior Court (1995) 38 Cal. App.4th 1501, 1512 [45 Cal. Rptr.2d 805].) While the two approaches may be a distinction without a difference, we find a summary denial more appropriate to a writ proceeding.
Because Father's writ petition seeking relief from the referral order in Christopher's case failed to substantively address the specific issues to be challenged, the referral order is not appealable. Accordingly, the appeal is dismissed.

IV. PETITION FOR HABEAS CORPUS[*]
.... .... .... .... .... .... .... .

V. DISPOSITION
The appeal filed in No. G022001 is dismissed. The writ petition in No. G022007 is denied. The petition for writ of habeas corpus in No. G022542 is denied. The stay of the permanency hearing ordered on behalf of Danielle and Christopher is dissolved.
Sills, P.J., and Sonenshine, J., concurred.
SILLS, P.J.
I concur in the judgment. I write separately only to underscore my agreement with the majority's suggestion that a visitation order made contemporaneously with an order terminating reunification services is no longer appealable. Any such challenge must be made by petition for extraordinary writ. This view runs counter to this court's opinion in In re Megan B. (1991) 235 Cal. App.3d 942 [1 Cal. Rptr.2d 177], an opinion in which I concurred. But times, and legislative directives, have changed.
Petitioner's application for review by the Supreme Court was denied July 8, 1998.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I., II., and IV. of the majority opinion.
[*] See footnote, ante, page 149.