Filed 2/26/13  Terry W. v. Superior Court CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| TERRY W.,<br><br>  Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>  Respondent;<br><br>VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>  Real Party in Interest. | 2d Civil No. B245431<br>(Super. Ct. Nos. J068502, J068503, J068504)<br>(Ventura County) |

Terry W., (father) seeks extraordinary writ review of a November 28, 2012 juvenile court order terminating reunification services and setting a permanent plan hearing for his children, Allysa R., Nicole R., and Jayden W.  (Welf. & Inst. Code, § 366.26, subd. (c).)[1]  We summarily deny the writ petition because father failed to comply with the requirements of California Rules of Court, rule 8.452.

---

[1] All statutory references are to the Welfare and Institutions Code.

*Factual and Procedural History*

Christina R. (mother) and father are the parents of Allysa R., Nicole R., and Jayden W. On September 27, 2011 Ventura County Human Services Agency (HSA) and the police removed the family from a home that was "yellow tagged" for no working utilities. A code enforcement officer reported that father and mother "took over" the house after it was foreclosed upon and slept in the attic. The front door was barricaded shut and the toilet was filled with urine and feces. Pornography and debris were on the floor and the walls were covered with graffiti depicting sexual images and drug terminology. Alcohol and weapons were accessible to the children and dirty clothes and empty beer cans were scattered about. No food was in the house other than a moldy bagel, a half gallon of milk, and two cartons of rotting milk.

Mother and the children were permitted to vacate the premises. After HSA obtained a protective custody warrant to detain the children, father said the two older children were staying with friends but did not know their address or telephone number. The social worker checked with relatives but could not find mother or the children.

On September 30, 2011 the two older children were detained at school. HSA and the Ventura Police returned to the yellow-tagged house and found a woman (Gretchen) in the backyard who appeared to be under the influence of a controlled substance and had difficulty waking up. The woman stated that she was father's girlfriend and did not know how she got into the backyard or how long she had been passed out.

The officers found three-year-old Jayden asleep in the attic with mother. The attic space was full of rat feces and debris, knives were stuck in the walls, and an attic door accessed a roof deck that lacked a railing or child barrier. When mother saw the officers, she wrapped her arms and legs around Jayden, and squeezed so hard that Jayden urinated on herself. Mother refused to release Jayden until the officers drew

2

their firearms and physically restrained her. Mother was arrested for felony child endangerment, being under the influence of a controlled substance, and resisting arrest.

Ventura County Human Services Agency (HSA) filed dependency petitions on October 4, 2011 for failure to protect (§ 300, subd. (b), serious emotional damage (§ 300, subd. (c)), and no provision for support (§ 300, subd. (g)). The petitions alleged that mother and father had a significant criminal history and suffered from substance abuse, and that mother was in jail and unable to provide for the children. The detention report stated that father was arrested in June 2011 for being under the influence of a controlled substance and child endangerment during a traffic stop. Jayden was in the car without a car baby seat. A week later, father was arrested for being under the influence of a controlled substance.

The trial court detained the children and, at a December 1, 2011 jurisdiction/disposition hearing, ordered reunification services and supervised visits.

At the April 16, 2013 six-month review hearing, HSA reported that mother was living with friends, had missed drug tests, had not yet enrolled in a substance abuse treatment program, and appeared to be under the influence of a controlled substance at a March 22, 2012 supervised visit. Father was not enrolled in a drug treatment program, had missed drug tests, and was still living in the house with his girlfriend Gretchen. Father claimed that he had no money to support the family but admitted buying the two older children $400 Radio Shack gift cards to buy cell phones. Appellant said he "wanted the girls to be happy."

At the 12-month review hearing, HSA reported that mother had been arrested for a Proposition 36 drug treatment violation and was arrested on another occasion for trespassing and resisting arrest. Mother was not following the case plan, had failed to remain drug free and submit to regular drug testing, had not found stable housing for the children, and was not attending counseling or parenting classes.

HSA reported that father was arrested for resisting arrest and being under the influence on June 21, 2012, and was arrested a second time on an outstanding

3

warrant for possession of a controlled substance and being under the influence of a controlled substance. Father was not following the case plan, had missed all his drug tests, and was still living in the yellow-tagged house with his girlfriend.

It was uncontroverted that the children were doing well in school, had no development issues, and were bonded to their foster/adopt parents, Father visited the children when he was not incarcerated and was asked to refrain from making promises about getting the children back Father told the social worker, "I can tell them anything I want to tell them. You guys came in and ultimately screwed up our lives. . . ."

The trial court terminated services and set the matter for a permanent plan hearing. (§ 366.26.)

*Discussion*

Father alleges that his constitutional rights were violated and requests that services be reinstated and the children returned to his custody. The writ petition lacks a statement of legal issues, citations to the record, or a discussion of legal authorities. California Rules of Court, rule 8.452(b)(1) provides that the petition must be accompanied by a memorandum providing "a summary of the significant facts" with supporting references to the record. The memorandum "must, at a minimum, adequately inform the court of the issues presented, point out the factual support for them in the record, and offer argument and authorities that will assist the court in resolving the contested issues." (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583 ["utterly deficient" writ petition].)

The failure to comply with California Rules of Court, rule 8.452 constitutes exceptional circumstances justifying the summary denial of his petition. "Because of the intolerable burden that would otherwise be foisted on the Courts of Appeal, we deem the failure to tender and substantively to address a specific material issue or issues or to furnish an adequate record to be 'exceptional circumstances' . . . which excuse the court from reviewing and determining a petition on the merits." (*Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1512; *Anthony D. v.*

4

*Superior Court* (1998) 63 Cal.App.4th 149, 157 [where petition fails to meet the "threshold requirements," it should be summarily denied].)

At oral argument, appellant requested that he be given more time to participate in and show that he could comply with the reunification services plan. This is an appropriate request to the trial court but not on appeal. The request is denied.

The petition for extraordinary writ is denied.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Ellen Gay Conroy, Judge

Superior Court County of Ventura

_____


Terry W., in pro per, Petitioner


No appearance for Respondent.


Oliver G. Hess, Assistant County Counsel. for Real Party In Interest