Filed 2/20/14  J.V. v. Super. Ct. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| J.V.,<br><br>       Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF<br>SANTA CRUZ COUNTY,<br><br>       Respondent,<br><br>SANTA CRUZ COUNTY<br>HUMAN SERVICES DEPARTMENT,<br><br>       Real Party in Interest. | H040424<br>(Santa Cruz County<br>Super. Ct. No. DP002679) |

Petitioner J.V., the presumed father of M.V, filed a petition for extraordinary writ. Although the petition does not specify any order for review, we presume that petitioner is seeking extraordinary relief from the juvenile court's order setting a hearing under Welfare and Institutions Code section 366.26.[1]  (See § 366.26, subd. (*l*); rules 8.450, 8.452.)

After careful review, we deny the petition.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise stated.  All references to rules are to the California Rules of Court.

1

# I

## *Procedural History*

### A. *Background*

A juvenile dependency petition was filed on behalf of M.V. under section 300, subdivisions (b) (failure to protect) and (g) (no provision for support) on August 30, 2012. The petition identified petitioner as the alleged father of M.V. and provided a Kern Valley State Prison address for him.

The petition alleged, among other things, that mother's six children, who ranged in age from newborn to seven years old and included four-year-old M.V., had suffered, or were at substantial risk of suffering, serious physical harm or illness as the result of mother's failure to adequately supervise and protect her children.

The Jurisdiction/Disposition Report, dated October 2, 2012, disclosed that petitioner was incarcerated two weeks before M.V., who was four years old at the time of the report, was born. Petitioner had seen M.V. once while incarcerated. Kern Valley Prison had indicated that petitioner's expected release date was February 22, 2016. The report stated that if the court raised petitioner "to a presumed father status, the Department will be considering a bypass recommendation based on . . . [section] 361.5(e)(1)."[2]

---

[2] Section 361.5, subdivision (e)(1), provides in part: "If the parent . . . is incarcerated . . . , the court shall order reasonable services unless the court determines, by clear and convincing evidence, those services would be detrimental to the child. In determining detriment, the court shall consider the age of the child, the degree of parent-child bonding, the length of the sentence . . . , the nature of the crime . . . , the degree of detriment to the child if services are not offered and, for children 10 years of age or older, the child's attitude toward the implementation of family reunification services, the likelihood of the parent's discharge from incarceration . . . within the reunification time limitations described in subdivision (a), and any other appropriate factors." Section 361.5, subdivision (a), states in pertinent part: "For a child who, on the date of initial removal from the physical custody of his or her parent or guardian, was under three years of age, court-ordered services shall be provided for a period of six months from the

On October 30, 2012, mother submitted the petition for decision based on the Jurisdiction/Disposition report. Petitioner was not transported and his counsel requested a continuance.

Petitioner filed a Statement Regarding Parentage. The minute order for the continued jurisdiction and disposition hearing indicates that petitioner declined to appear and refused to participate in a telephonic appearance. The juvenile court determined that petitioner would remain an alleged father and proceeded with the hearing.

The juvenile court found that the petition's allegations as amended were true. Those allegations included the following facts, among others. Mother was unable to provide adequate care for the minors due to her use of methamphetamine and substance abuse. In 2008, J.V. had been convicted of violating former Penal Code section 12280. J.V. had been sentenced to 10 years in prison and he was currently incarcerated in Kern Valley State Prison. He had a history as a Northside gang member. The court then declared the minor to be a dependent child of the court, ordered reunification services for mother, and found visitation between minor and petitioner to be detrimental.

The report for the six-month review indicated that M.V. was in licensed foster care with her younger half-sister M.M. Petitioner was still incarcerated in Kern Valley State Prison.

At the hearing on April 23, 2013, petitioner appeared telephonically and his counsel, who was present, asked for his status to be elevated to presumed father and requested a paternity hearing. At a paternity hearing on May 10, 2013, petitioner appeared telephonically and his counsel was present in person. A declaration of

---

dispositional hearing as provided in subdivision (e) of Section 366.21, but no longer than 12 months from the date the child entered foster care . . . unless the child is returned to the home of the parent or guardian." (§ 361.5, subd. (a)(1)(B).)

parentage was submitted on behalf of petitioner and the juvenile court found that he was the presumed father of M.V.

The May 17, 2013 minute order for the contested six-month review hearing indicates that no services were offered to petitioner J.V. and he did not request any services. It reflects that the court found that visitation between J.V. and minor would be detrimental to minor while J.V. was incarcerated.

The report for the 12-month review hearing stated that petitioner J.V. remained incarcerated at the Kern Valley State Prison.

At the 12-month review hearing on November 15, 2013, J.V. appeared through counsel. The juvenile court recited for the record that, at the paternity hearing on May 10, 2013, J.V. had sought presumed father status "so that his relatives could be considered for reunification services." Both J.V. and his counsel had confirmed that he was not seeking reunification services for himself. Following the 12-month review hearing, the court terminated mother's reunification services. It ordered a hearing pursuant to section 366.26 to be held on March 13, 2014. The court found that visitation between J.V. and minor remained detrimental while J.V. was incarcerated.

B. *Petition for Extraordinary Writ*

The writ petition states no legal grounds of error and no memorandum of points and authorities is attached to it. As to the factual basis for the petition, the petition states that petitioner has not had custody of M.V. since she was born and he has not been given the opportunity to care for her. He requests the opportunity to provide for her since he is due to be released in 20 months. He asks this court to direct the juvenile court to (1) order reunification services be provided for him and reunification services be reinstated for mother, (2) order visitation between M.V. and him, (3) grant custody of M.V. to him, and (4) terminate the dependency. He also requests a temporary stay because he is presently incarcerated and due to be released in 20 months.

4

II

*Discussion*

A. *Governing Law*

California Rules of Court, rules "8.450-8.452 and 8.490 govern writ petitions to review orders setting a hearing under Welfare and Institutions Code section 366.26." (Rule 8.450(a).) "The superior court may not extend any time period prescribed by rules 8.450-8.452. The reviewing court may extend any time period but must require an exceptional showing of good cause." (Rule 8.450(d).)

B. *Petition is Procedurally Deficient and Lacks Merit*

In this case, the juvenile court orally ordered a 366.26 hearing at the 12-month review hearing held on November 15, 2013. Petitioner J.V.'s counsel was present. The court directed the clerk "to mail the writ notice to the minor's father at the last known address." Petitioner J.V.'s "Notice of Intent to File Writ Petition" was filed on December 4, 2013.[3]

---

[3] When a juvenile court orders a hearing under section 366.26, it must advise all parties of the requirements for filing a writ petition; parties present must receive an oral advisement and parties not present must receive the advisement by mail. (See Rule 5.590(b); see also § 366.26, subd. (l)(3)(A).) "The advisement must include the time for filing a notice of intent to file a writ petition." (Rule 5.590(b)(3).) The Rules of Court direct a clerk of the court to send any advisement required by mail within one day after the court's order. (Rule 5.590(b)(2).) "A party seeking writ review under rules 8.450-8.452 must file in the superior court a notice of intent to file a writ petition and a request for the record." (Rule 8.450(e)(1).) "If the party was present at the hearing when the court ordered a hearing under Welfare and Institutions Code section 366.26, the notice of intent must be filed within 7 days after the date of the order setting the hearing." (Rule 8.450(e)(4)(A); see § 366.26, subd. (l)(3)(A).) "If the party was notified of the order setting the hearing only by mail, the notice of intent must be filed within 12 days after the date the clerk mailed the notification." (Rule 8.450 (e)(4)(B); see § 366.26, subd. (l)(3)(A).) "The date of the order setting the hearing is the date on which the court states the order on the record orally, or issues an order in writing, whichever occurs first." (Rule 8.450(e)(4).) The juvenile court did not give an oral advisement of the writ requirements at the time it ordered a hearing under section 366.26 and the record before

5

Within 20 days after the notice of intent is filed, the superior court clerk must prepare a clerk's transcript.  (Rule 8.450(h)(2).)  "When the record is filed in the reviewing court, that court's clerk must immediately notify the parties, stating the date on which the 10-day period for filing the writ petition under rule 8.452(c)(1) will expire." (Rule 8.450(j)(2).)  The petition for extraordinary writ "must be served and filed within 10 days after the record is filed in the reviewing court."  (Rule 8.452(c)(1).)

By letter dated December 18, 2013, this court notified petitioner that the record had been filed the same day and the writ petition must be filed on or before December 30, 2013.  Petitioner's petition for extraordinary writ was not filed in this court, however, until January 15, 2014.  The return address on the envelope is for the Kern Valley State Prison.  The date of the postal stamp on the envelope is January 13, 2014.

The judicial prison-delivery rule applicable to mailing by prison inmates has been expanded by a rule of court.  (See rule 8.25(b)(5); Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2013 supp.) foll. rule 8.25, p. 179.)  Rule 8.25(b)(5) provides:  "If the clerk receives a document by mail from an inmate or a patient in a custodial institution after the period for filing the document has expired but the envelope shows that the document was mailed or delivered to custodial officials for mailing within the period for filing the document, the document is deemed timely.  The clerk must retain in the case file the envelope in which the document was received."

The petition does not assert, and the record does not establish, that the petition was constructively filed within the applicable time limit under the foregoing rule.  The petition does not assert, and the record does not reflect, any exceptional circumstances establishing good cause for petitioner's failure to timely file his petition for extraordinary

us does not disclose whether the clerk timely and properly mailed an advisement to petitioner.  The Department has not asserted that petitioner's notice of intent to file a writ petition was inexcusably late.

6

writ review. (See rule 8.450(d); see also Advisory Com. com., 23 pt.3 West's Ann. Codes, Court Rules (2006 ed.) foll. rule 8.450, p. 307.)

In addition, the petition itself is deficient. A writ petition seeking review of a juvenile court's order setting hearing under section 366.26 must include a summary of the grounds of the petition. (Rule 8.452(a)(1)(D).) The petition "must be accompanied by a memorandum." (Rule 8.452(a)(2).) "The memorandum must provide a summary of the significant facts, limited to matters in the record." (Rule 8.452(b)(1).) "The memorandum must state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority." (Rule 8.452(b)(2).) "The memorandum must support any reference to a matter in the record by a citation to the record. The memorandum should explain the significance of any cited portion of the record and note any disputed aspects of the record." (Rule 8.452(b)(3).)

The instant writ petition does not specify that the order setting a section 366.26 hearing was erroneous on any particular ground as required by rule 8.452(a)(1)(D). Rather, that part of the form petition was left blank. (See Judicial Council form JV-825, p. 2.) Further, no memorandum of points and authorities in support of the petition accompanied it as required by rule 8.452(a)(2). (See Judicial Council form JV-825, p. 3.)

Where a writ petition is procedurally deficient, a reviewing court may summarily deny it. (See *Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157.)

Moreover, the asserted facts that petitioner never had custody of M.V., he had no opportunity to care for her, and he is due to be released from prison in 20 months do not establish any legal basis for relief.

7

## DISPOSITION

The petition for extraordinary writ is denied.  The request for a stay is denied. (Rule 8.490.)  This opinion is final in this court forthwith.  (Rule 8.490(b); see rule 8.452(i).)


_____

ELIA, J.


WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.