Filed 4/10/14  In re K.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.W. et al., Persons Coming Under the Juvenile Court Law. | C072101 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | (Super. Ct. Nos. JD229602, JD229603, JD229604) |
| Plaintiff and Respondent, | |
| v. | |
| A.W. et al., | |
| Defendants and Appellants. | |

A.W. (father) and Ka.W. (mother), parents of minors K.W., J.W., and D.W., appeal after the juvenile court denied mother's petition for modification, and also set a

1

permanency planning hearing regarding K.W. and J.W. (Welf. & Inst. Code, §§ 388, 366.26, 395.)[1]

Father purports to appeal from the findings and orders regarding all three children, while mother appeals from the findings and orders regarding D.W. only. Because the juvenile court set a section 366.26 hearing as to K.W. and J.W., and father did not file a writ petition, we will dismiss his appeal from the findings and orders regarding K.W. and J.W. The appeal is taken from nonappealable orders.

Regarding D.W., father contends the juvenile court erred in denying him supervised visitation. That contention is now moot, however, given that the juvenile court has since granted father visitation with D.W. Accordingly, we will dismiss father's appeal regarding D.W.

As for mother's appeal regarding D.W., she contends the juvenile court erred in denying her petition for modification (which sought placement of D.W. in her custody or resumption of reunification services). We conclude that given mother's history of substance abuse, the juvenile court did not abuse its discretion in denying mother's petition for modification.

## BACKGROUND

On April 22, 2009, the Sacramento County Department of Health and Human Services (Department) filed section 300 petitions on behalf of minors D.W. (then age seven), J.W. (then age five), and K.W. (then age one), based on mother's substance abuse and failure to protect and care for the minors.

A.W. is the biological father of D.W. and J.W. and had a prior judgment of paternity as to those two minors. He is not the biological father of K.W. but the juvenile court found him to be the minor's presumed father. A.W. had been incarcerated since

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

November 2007 for physically assaulting mother. Father's extensive criminal history included assault to commit rape, kidnapping with the use of a firearm, battery, theft, failure to register as a sex offender, and inflicting corporal injury on a cohabitant.

The juvenile court sustained the petitions and provided mother with family maintenance services. Father was found to be "the non-offending, non-custodial parent not seeking services or placement of the children." The minors had not visited father since his incarceration and the juvenile court ordered no contact, finding visitation with him would jeopardize the minors' safety.

Mother did not participate in services and, on January 14, 2010, the minors were ordered removed from her home. Mother was provided reunification services.

Mother still did not participate in services and, on July 1, 2010, the juvenile court terminated reunification services. In October 2010, the social worker reported that all three minors were displaying aggression and K.W.'s speech was delayed. D.W. and J.W. were in therapy and D.W. was demonstrating sexualized behavior toward his siblings.

In January 2011, the social worker assessed that the minors were not generally adoptable. K.W. had a significant language delay for which he was receiving services and presented as hyperactive and aggressive. J.W. had been a victim of sexual activity/behavior and D.W. acted out sexually toward J.W. Only minimal progress on these issues had been made in therapy to date. Accordingly, the minors needed to be separated in their placement, with D.W. residing in a different home than his siblings. The placement change took place on January 7, 2011.

The juvenile court held a hearing on April 21, 2011, to reconsider whether father should have visitation. Father had been released in January, but by the time of the hearing he was incarcerated again. K.W. and J.W. had recently been moved to a new foster home and J.W. and D.W. were still dealing with major mental health issues in therapy. The juvenile court made no change to the existing orders.

3

Father was released from custody on May 24, 2011, and, on August 11, 2011, he filed section 388 petitions requesting reunification services and a general visitation order. The juvenile court denied the petitions because they did not state new evidence or a change of circumstances and did not promote the minors' best interests.

On May 8, 2012, mother filed section 388 petitions for modification seeking return of the minors to her custody or, in the alternative, the reopening of reunification services. A hearing was scheduled for June 21, 2012, and subsequently continued to commence on August 30, 2012.

On June 6, 2012, the Department determined that K.W. and J.W. were specifically adoptable and decided to recommend the setting of a section 366.26 hearing for those minors. As for D.W., although he had shown remarkable progress in his current placement, he still had peer aggression problems and remained a child with emotional needs. The social worker was uncertain whether D.W. "could sustain the disappointment of a failed reunification effort with his mother." D.W. was determined to be specifically adoptable but his current home was not interested in providing permanency.

On August 3, 2012, father filed new section 388 petitions for modification requesting reunification services and visitation. The juvenile court denied the petitions on the same day without scheduling a hearing. In denying the petitions, the juvenile court found they did not identify new evidence or a change of circumstances, and the proposed change in order did not promote the best interests of the minors. Father appealed from the juvenile court's denial of his petitions. This court affirmed the juvenile court's orders in an opinion filed on June 26, 2013. (*In re K.W. et al.* (June 26, 2013, C071770) [nonpub. opn.].) The remittitur issued on September 20, 2013. We take judicial notice of our opinion in that case. (Evid. Code, §§ 452, subd. (d); 459, subd. (a).)

The hearing on mother's petitions for modification commenced on August 30, 2012, in conjunction with the section 366.3 review hearing. Mother presented evidence that she had completed a parenting program and had been participating in substance

4

abuse counseling since October 2011. The counseling included group and individual sessions. The counselor said mother was making substantial progress toward taking responsibility for her actions, was learning coping skills, and was actively participating in her recovery. Mother had been testing three to four times a month since October 2011 and had been testing negative. Mother admitted a lapse in February 2012, but said she had not used drugs since then. Her lapse was due to concern about finances and her socializing with an acquaintance who stopped by her house. Mother also testified that she had been visiting the minors twice a month and that her visits were consistent and appropriate.

The Department presented evidence that mother was dropped from mental health counseling due to her failure to attend appointments. Mother was diagnosed with mild depression and took Prozac for anxiety, but she testified the medication was not really helping her. Mother's substance abuse counselor believed mother's relationships with men were drug triggers for her and that it was unwise for mother to continue her relationship with the man who was providing her with financial assistance. Nonetheless, mother continued to maintain the relationship.

Mother had an earlier dependency case filed in 1996 involving her older children, and she failed to reunify. Mother attended a residential treatment program for seven months and completed the program. She was substance free for about a year and a half but then began using crack cocaine again. Mother participated in four other treatment programs, maintaining periods of sobriety before relapsing.

The social worker said reports confirmed mother's visits were positive for the minors. But there were numerous times when mother would whisper to the minors; she also had inappropriate discussions with the children about their possible return to her custody, getting their hopes up.

In addition, evidence was presented regarding the minors' mental and emotional status and progress.

5

The juvenile court denied mother's section 388 petitions, finding that mother had failed to show changed circumstances or that granting the requests would be in the minors' best interests. In making its ruling, the juvenile court also expressed that it had difficulty with mother's credibility and honesty, as well as her overly simplistic approach to relapse triggers.[2]

## DISCUSSION

### I

Father's appeal regarding K.W. and J.W. must be dismissed because it is taken from nonappealable orders.

Father filed a notice of appeal purporting to appeal from the September 18, 2012, findings and orders with respect to K.W., J.W., and D.W. Mother filed a notice of appeal from the September 18, 2012, findings and orders with respect to D.W. only. But at the conclusion of the September 18, 2012, hearing, the juvenile court set a section 366.26 hearing as to K.W. and J.W. and advised father and mother of their right to file a writ petition. Neither parent filed a writ petition.

Section 366.26, subdivision (*l*)(1) states: "An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following apply: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits." In adopting section 366.26, subdivision (*l*), "the Legislature has unequivocally expressed its intent

---

[2] On May 2, 2013, the juvenile court found K.W. and J.W. adoptable, found no exception to adoption applied, and terminated parental rights as to them. Father appealed from those orders. This court reversed and remanded the matter for the juvenile court to make appropriate findings. (*In re K.W. et al.* (Feb. 6, 2014, C073743) [nonpub. opn.].)

6

that referral orders be challenged by writ before the section 366.26 hearing." (*Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 156.) Because the trial court must conduct the section 366.26 hearing promptly, the traditional rule of appealability is ineffective in providing the parties with meaningful review before the trial court has selected a permanent plan. (*Id.* at pp. 155-156.)

Accordingly, father's appeal in Sacramento County case Nos. JD229602 (K.W.) and JD229603 (J.W.) from the September 18, 2012, hearing must be dismissed as taken from nonappealable orders. (*In re Charmice G.* (1998) 66 Cal.App.4th 659, 664-671; § 366.26, subd. (*l*).) In mother's reply brief, she asked us to construe her notice of appeal broadly to include Sacramento County case Nos. JD229602 (K.W.) and JD229603 (J.W.). Even if we were to consider a request made in her reply brief, she did not file a writ petition.

Thus, any asserted issues regarding K.W. or J.W. are not subject to our review in this appeal. The only appealable order before this court is the September 18, 2012, order in Sacramento County case No. JD229604 (D.W.), from which both parents appealed. We will dismiss father's appeal from the subject order in Sacramento County case Nos. JD229602 (K.W.) and JD229603 (J.W.).

II

In addition, father's appeal regarding D.W. must be dismissed because it is moot.

In his opening brief, father asserted that the juvenile court erred in denying him supervised visitation with D.W. But the juvenile court subsequently entered an order granting him such visitation. The Department asked this court to take judicial notice of a July 18, 2013 minute order indicating that father shall have regular visitation with D.W. Having received no opposition, we will grant the request for judicial notice.

The visitation order renders father's contention moot. "[A]n action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v.*

7

*Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.)  When, as here, subsequent events make it impossible for this court to grant the appellant any effective relief, dismissal is appropriate.  (*Ibid*.; *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1317.)

Accordingly, we will dismiss father's appeal from the September 18, 2012, order in Sacramento County case No. JD229604 (D.W.).

III

As for mother's appeal regarding D.W., she contends the juvenile court erred in denying her petition for modification (which, as it pertained to D.W., sought placement of D.W. in mother's custody or resumption of reunification services).  Mother claims she established changed circumstances and further established that granting the petition would be in the best interest of D.W.

Section 388 permits modification of a dependency order if a change of circumstance or new evidence is shown and if the proposed modification is in the best interests of the child.  (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 526.)  "Even after the focus has shifted from reunification, the scheme provides a means for the court to address a legitimate change of circumstances while protecting the child's need for prompt resolution of his custody status."  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.)  The petitioning party has the burden of proof by a preponderance of the evidence. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 48.)

The best interests of the child are of paramount consideration when a modification petition is brought after termination of reunification services.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.)  In assessing the best interests of the child at this juncture, the juvenile court looks not to the parent's interests in reunification but to the needs of the child for permanence and stability.  (*In re Marilyn H.*, *supra*, 5 Cal.4th at p. 309.) "[W]hen a child has been placed in foster care because of parental neglect or incapacity, after an extended period of foster care, it is within the court's discretion to decide that a

8

child's interest in stability has come to outweigh the natural parent's interest in the care, custody and companionship of the child." (*In re Jasmon O.* (1994) 8 Cal.4th 398, 419.)

A modification petition "is addressed to the sound discretion of the juvenile court and its decision will not be disturbed on appeal in the absence of a clear abuse of discretion." (*In re Jasmon O.*, *supra*, 8 Cal.4th at p. 415.) "It is rare that the denial of a section 388 motion merits reversal as an abuse of discretion . . . ." (*In re Kimberly F.*, *supra*, 56 Cal.App.4th at p. 522.)

Mother argues that she demonstrated changed circumstances because she completed a parenting program, was doing well in her substance abuse counseling program, and had recently obtained employment. But mother's history of substance abuse dates back to at least 1996. She had only seven months of sobriety at the time of the hearing and was still receiving substance abuse counseling. While her substance abuse case manager reported she was doing well, mother had relapsed numerous times after treatment in the past, even after maintaining a year and a half of sobriety, and had just recently relapsed again after nearly four months of sobriety.

Additionally, mother lived in the same place and associated with the same people with whom she used drugs in the past, despite acknowledging that being around crack cocaine and the people with whom she used drugs are "triggers" for her. Mother also chose to continue a relationship against the advice of her substance abuse counselor.

Even a showing of great effort to make improvements will not necessarily be persuasive when a parent has an extensive history of drug use. (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1081 [affirming the denial of a section 388 petition when the parents' efforts at drug rehabilitation were only three months old at the time of the section 366.26 hearing]; *In re Casey D., supra*, 70 Cal.App.4th at pp. 47–48 [affirming the denial of a section 388 petition when the mother with an extensive history of drug use had been drug free for only a few months and had not completed her treatment program]; *In re Amber M.* (2002) 103 Cal.App.4th 681, 686 [no abuse of discretion in denying a

9

section 388 petition where the parent established only a 372–day period of abstinence].)
Considering mother's sobriety in light of her substance abuse history, the juvenile court
did not abuse its discretion in denying the petition for modification.

DISPOSITION

Father's appeal in Sacramento County case Nos. JD229602 (K.W.) and JD229603
(J.W.) is dismissed as taken from nonappealable orders.  Father's appeal in Sacramento
County case No. JD229604 (D.W.) is dismissed as moot.

The September 18, 2012, orders of the juvenile court in Sacramento County case
No. JD229604 (D.W.) are affirmed.

                                                MAURO            , J.


We concur:


        HULL            , Acting P. J.


        DUARTE        , J.