Filed 1/29/15  In re Mia G. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In the Matter of MIA G., A Minor.<br>_____<br><br>ALICIA T.,<br><br>  Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SANTA BARBARA COUNTY,<br><br>  Respondent;<br><br>SANTA BARBARA COUNTY CHILD WELFARE SERVICES,<br><br>  Real Party in Interest. | 2d Civil No. B259434<br>(Super. Ct. No. 1435738)<br>(Santa Barbara County) |

Alicia T., the biological mother of Mia G. (age 11), seeks extraordinary writ relief from an October 9, 2014 order terminating reunification services and setting the matter for a permanent placement hearing.  (Cal. Rules of Court, rule 8.452; Welf. & Inst. Code, § 366.26.)[1]  We deny the writ petition because mother failed to comply with the requirements of California Rules of Court, rule 8.452.

---

[1] All further statutory references are to the Welfare and Institutions Code.

*Factual and Procedural History*

In 2013 Santa Barbara County Child Welfare Services (CWS) placed Mia and her half-sister Kylie H. in protective custody after mother severely beat Mia. On June 18, 2013, dependency petitions were filed for serious physical harm (§ 300, subd. (a)), failure to protect (§ 300, subd. (b)), serious emotional damage (§ 300, subd. (c)), no provision for support (§ 300, subd. (g)), and sibling abuse (§ 300, subd (j)).

Mia's biological father, Cark K, lived in Hawaii. Before the jurisdiction/disposition hearing, Mia's stepfather Kyle H., filed a Statement Regarding Parentage (JV-505) alleging that he lived with Mia and held her out as his daughter. The biological father, Carl, filed a Statement Regarding Paternity for presumed father status based on a 2004 Hawaii paternity judgment and declaration that he had held Mia out as his daughter, received her into his home, and supported Mia before she moved to California.

The trial court sustained the petitions, determined that the Hawaii judgment of paternity rebutted any statutory presumption of paternity claimed by stepfather, and found that Carl W. was Mia's presumed father.[2] Although CWS recommended that services be bypassed for mother (§ 361.5), the trial court ordered reunification services and placed Mia with her maternal aunt.

Mother's case plan included a psychological evaluation, counseling on domestic violence and single parenting issues, parenting classes, substance abuse services with random drug testing, and therapeutic visits at CALM Home Services. The family therapist reported that family sessions between Mia and mother was detrimental to Mia's mental health. This was confirmed by CASA Worker Geraldine

---

[2] Stepfather appealed the order which was affirmed in an unpublished opinion. (B251942.) Mother also appealed the disposition order but abandoned the appeal. The appeal was dismissed May 20, 2014. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844-845.)

Nunes, who reported that Mia was under a great deal of distress, feared mother, and was upset and crying after visits.

Mother claimed the child abuse was an isolated incident and that the maternal relatives were obstructing visitation. In an August 11, 2014 report, CWS reported that despite mental health services, anger management classes, and parenting classes, mother was unable to control her anger. Mia suffered from nightmares, difficulty with sleep, anxiety, and headaches, and panic attacks before and after the family sessions.

At the 12-month review hearing, the trial court found that mother had not made progress on her case plan and that Mia could not be safely returned to mother in the near future. The court terminated services and set the matter for a section 366.26 permanent placement hearing.

*Discussion*

Mother contends that services should be reinstated because CWS and her family (the maternal aunt) obstructed visits and reunification. The writ petition lacks a statement of legal issues, citations to the record, or a discussion of the pertinent legal authorities. California Rules of Court, rule 8.452(b)(1) provides that the petition must be accompanied by a memorandum providing "a summary of the significant facts" with supporting references to the record. The memorandum "must, at a minimum, adequately inform the court of the issues presented, point out the factual support for them in the record, and offer argument and authorities that will assist the court in resolving the contested issues." (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583.)

Mother's writ petition contains no citations to the record, summarizes only those facts supportive of her contentions, and disregards all of the evidence supporting the findings of the trial court. As a consequence, the petition is subject to summary denial. (*Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157.)

3

"Because of the intolerable burden that would otherwise be foisted on the Courts of Appeal, we deem the failure to tender and substantively to address a specific material issue or issues or to furnish an adequate record to be 'exceptional circumstances' . . . which excuse the court from reviewing and determining a petition on the merits." (*Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1512; *Anthony D. v. Superior Court, supra,* 63 Cal.App.4th at p. 157 [where petition fails to meet the "threshold requirements," it should be summarily denied].)

The petition for extraordinary relief is denied.

NOT TO BE PUBLISHED.


                                                YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.

4

Arthur R. Garcia, Judge

Superior Court County of Santa Barbara

_____

Alicia T., in pro per, Petitioner.


No appearance for Respondent.


Michael C. Gizzone, County Counsel, County of Santa Barbara and Toni Lorien, Deputy Counsel, for Real Party In Interest.