Filed 9/17/15  Derek S. v. Super. Court CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DEREK S.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,<br><br>    Respondent;<br><br>SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | 2d Civil No. B264155<br>(Super. Ct. No. 15JD-00037)<br>(San Luis Obispo County) |

Derek S. (Father) challenges an order of the juvenile court denying family reunification services and setting a permanent plan hearing regarding his minor child. (Welf. & Inst. Code, §§ 361.5, subds. (b)(10), (13), 366.26, subd. (c).)[1]  We deny his petition for extraordinary writ relief.

*FACTUAL AND PROCEDURAL HISTORY*

S.B. (Mother) and Father are the parents of a minor daughter, K.B.[2]  On January 31, 2015, the San Luis Obispo Department of Social Services (DSS) detained

---

[1] All statutory references are to the Welfare and Institutions Code .

[2] Mother is not a party to this petition for extraordinary writ.

K.B. and her two half-siblings from the care of Mother and Father due to concerns of methamphetamine abuse and domestic violence in the home. During a lawful search of the home, police officers discovered methamphetamine syringes, heroin, and drug paraphernalia in a bedroom accessible by the children.

On February 2, 2015, a DSS social worker interviewed Father, then confined in county jail. Father admitted using methamphetamine and marijuana, as well as "anything available to him." He acknowledged his drug abuse and admitted possession of the drugs and drug paraphernalia found by police officers. Father also admitted visiting Mother in violation of a domestic violence restraining order.

On February 3, 2015, DSS filed a dependency petition on behalf of the minor children. DSS alleged that the children were at significant risk of physical or emotional harm due to Mother's and Father's drug abuse, Father's acts of domestic violence, and Father's incarceration. (§ 300, subds. (b) & (g).) DSS also referred to a 2012-2013 dependency proceeding in Fresno County regarding similar allegations against Mother and Father.

On February 4, 2015, the juvenile court held a detention hearing. It found a prima facie case regarding the dependency petition, placed the children in the temporary care and custody of DSS, and set the matter for a jurisdiction and disposition hearing.

Prior to the jurisdiction and disposition hearing, DSS sent notice to Mother and Father, pursuant to the "bypass" provisions of section 361.5, subdivisions (b)(10) [failure to reunify with sibling or half-sibling] and (b)(13) [failure to comply with previous court-ordered drug treatment], recommending that neither parent receive family reunification services. The DSS recommendation rested upon Father's longstanding drug abuse and his failure to participate in drug treatment during the prior dependency proceeding.

*2012 Fresno County Proceeding*

In 2012, Fresno County Child Welfare Services (CWS) filed a dependency petition on behalf of K.B. and her half-siblings. The petition alleged that Father abused methamphetamine and engaged in domestic violence against Mother. The Fresno County

2

juvenile court sustained the allegations of the dependency petition and ordered CWS to provide family reunification services to Father, including intensive outpatient treatment for drug abuse. Father initially participated in his services plan but quickly ceased required drug-testing and treatment. The dependency matter was later transferred to San Luis Obispo County. In 2013, based upon the recommendation of CWS, the court terminated reunification services to Father. Mother successfully completed her services plan and the court dismissed the dependency and returned the children to her custody and care.

*Present Jurisdiction, Bypass, and Disposition Hearing*

On May 1, 2015, the juvenile court held a contested jurisdiction, bypass, and disposition hearing. It received evidence of DSS written reports and testimony from Mother and Father. The court also took judicial notice of the prior dependency records.

Following argument by the parties, the juvenile court sustained the allegations of the dependency petition and denied family reunification services to Mother and Father pursuant to the bypass provisions of section 361.5, subdivision (b). The court expressly found by clear and convincing evidence that providing reunification services was not in K.B.'s best interest. (§ 361.5, subd. (e)(1).) The court then set the matter for a permanent plan hearing. (§ 366.26.)

Father challenges the juvenile court's orders denying family reunification services and setting a permanent plan hearing. DSS responds in part that Father's writ petition contains many shortcomings and fails to comply with California Rules of Court, rule 8.452 requiring a statement of legal issues, citations to the appellate record, and discussion of legal authorities.[3]

*DISCUSSION*

In his amended writ petition, Father states that he is "changing [his] life for the better, . . . attending AA, NA and planning for change. For treatment upon release going to Drug & Alcohol Services."

---

[3] All references to rules are to the California Rules of Court.

Pursuant to rule 8.452(a)(1)(D) of the California Rules of Court, a writ petition must include "[a] summary of the grounds of the petition." Rule 8.452(b)(1) provides that the petition must be accompanied by a memorandum providing "a summary of the significant facts" with supporting references to the record. "The memorandum must state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority." (Rule 8.452(b)(2).) The memorandum "must, at a minimum, adequately inform the court of the issues presented, point out the factual support for them in the record, and offer argument and authorities that will assist the court in resolving the contested issues." (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583 [court received "utterly deficient" writ petition].)

Father's writ petition contains no citations to the record and no supporting authorities for any argument. As a result, we may summarily deny his petition. (*Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157.)

We are required, however, to liberally construe the writ petition. (Rule 8.452(a)(1) ["The petition must be liberally construed"].) "Absent exceptional circumstances, the reviewing court must decide the petition on the merits by written opinion." (*Id.*, subd. (h)(1).) Accordingly, we discuss Father's claim of insufficient evidence to support the juvenile court's orders.

When a minor child is removed from parental custody, reasonable reunification services must be provided to the parent, unless an exception applies within the bypass provisions of section 361.5, subdivision (b). (*A.A. v. Superior Court* (2012) 209 Cal.App.4th 237, 242.) We review the findings regarding application of a bypass provision pursuant to a sufficiency-of-the-evidence standard. (*Ibid.*) Thus, we examine the evidence and draw all reasonable inferences therefrom most favorably to the order to determine the existence of sufficient evidence to support the findings. (*Ibid.*) We neither reweigh the evidence nor redetermine witness credibility. (*Ibid.*)

DSS presented sufficient evidence and reasonable inferences therefrom that Father suffers from longstanding substance abuse and has suffered criminal convictions throughout his adult life. He was incarcerated at the time of the jurisdiction, bypass, and

4

disposition hearing.  Father admitted at the hearing that he has been drug-free only a brief time during his adult life.  He also did not engage in drug treatment and testing services during the prior dependency, resulting in the termination of his services.  Sufficient evidence supports the juvenile court's finding, by clear and convincing evidence, that Father "has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the [present] petition."  (§ 361.5, subd. (b)(13).)

We deny the petition for extraordinary writ.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

5

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Derek S., in pro. per., for Petitioner.

No appearance for Respondent.

Rita L. Neal, County Counsel, Leslie H. Kraut, Deputy County Counsel, for Real Party in Interest.